**Barbara KENNEDY, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**Louis SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.**

Civ. A. No. 89–186–E.

United States District Court, N.D. West Virginia, Elkins Division.

Aug. 30, 1991.

---

Mary A. Kenney, Morgantown, W.Va., for plaintiffs.

U.S. Atty. Lisa Grimes, Wheeling, W.Va., for defendant.

## ORDER

MAXWELL, Chief Judge.

This action is brought pursuant to 42 U.S.C. § 405(g), challenging the manner in which the Secretary of Health and Human Services calculates income for supplemental security income (SSI) applicants and recipients. Specifically, Plaintiff challenges the Secretary's internal policy which counts that portion of veteran's benefits paid to the veteran for the support of the veteran's dependent as income to the dependent.[1] Plaintiff asserts that the policy violates the Social Security Act and the Secretary's published regulations implementing the Act.

Pending before the Court is the Plaintiff's Motion for Class Certification, filed February 4, 1991. The Secretary filed a Brief in Opposition on March 29, 1991, and Plaintiff's Reply Memorandum was received on April 24, 1991.[2]

The general background of this civil action is undisputed. Plaintiff is a disabled individual and has been receiving SSI benefits since July 5, 1977. In March, 1988, however, Plaintiff's monthly SSI benefits were reduced from $368.00 to approximately $235.00 per month as a result of a change in policy in the SSI program. As discussed above, the new policy considers the augmented Veterans Administration (VA) benefits paid to Plaintiff's husband as unearned income of the Plaintiff.

■ After exhausting the administrative process, Plaintiff filed this action, seeking to represent a class consisting of:

All persons residing in the Fourth Federal Judicial Circuit whose SSI benefits have been or will be denied, terminated, or reduced because of the Secretary's policy of counting as unearned income to the SSI applicant or recipient the augmented portion of the veteran's benefit paid to the applicant/recipient's spouse or parent.

Plaintiff urges that the proposed class meets the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

The Defendant, however, suggests that the requirements for certification of a class have not been met, insisting that the definition of the class is not cohesive; that the Plaintiff is not a member of the proposed class; and that the Plaintiff cannot adequately represent the interests of the class. Finally, the Defendant challenges the definition of the class as including individuals who cannot satisfy the jurisdictional prerequisites of the Act.

The Court has carefully studied all matters of record and the arguments of counsel and believes that the Plaintiff has presented an appropriate issue for class certification; however, the Court also believes that the proposed definition of the class would interfere with the litigation of similar issues in other judicial districts. Accordingly, the Court will certify a class

---

1. The dependent, whether spouse or child of the veteran, is the aggrieved SSI applicant or recipient.

2. Cross motions for summary judgment are also pending before the Court; however, the Court believes it appropriate to bifurcate the issue of class certification from the ruling on the merits.

action in this instance but will modify the proposed definition of the class as more fully discussed herein.

■ From the text of Rule 23, it is clear that a class may be certified by the Court only if Plaintiff initially satisfies each of the four threshold requirements of Rule 23(a):

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

The party seeking certification bears the burden of establishing that all four prerequisites are met. *International Woodworkers of America, AFL–CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir.1981). In addition to meeting the requirements of Rule 23(a), "the action must fall within one of the three categories of class actions described in Rule 23(b)...." *Christman v. American Cyanamid Co.*, 92 F.R.D. 441, 446 (N.D.W.Va.1981).

■ Moreover, the movant must show the existence of a "cohesive" class and that she is a member of the class. *Christman*, 92 F.R.D. at 446 and 450. Finally, it must be established that the class as defined satisfies the jurisdictional requirement of Section 205(g) of the Act, 42 U.S.C. § 405(g). *Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1978). Once certification is attained, "the Court has an ongoing responsibility to monitor the quality of the representation to make certain it remains adequate up to the ultimate termination of the action." *Christman*, 92 F.R.D. at 453, n. 32.

In looking to these various requirements, Rule 23(a)(1) commands that the class be "so numerous that joinder of all members is impracticable." On November 30, 1990, a joint stipulation was filed, agreeing that Plaintiff's claim satisfactorily demonstrat-

ed the numerosity requirement. The Court concurs in the stipulation.

Rule 23(a)(2) requires that the Plaintiff establish that "there are questions of law or fact common to the class." The question of whether the Secretary can count as income to an SSI recipient or applicant augmented VA benefits paid to that individual's spouse or parent is common to all of the class members by the very definition of the class. Though there may be factual variations in the exact manner in which the individuals within the class are affected by the existing policy, these variations do not appear at this juncture of the proceedings to be sufficient to defeat the commonality requirement since the "common factual question will be dispositive as to Defendant's liability to the class." *Christman*, 92 F.R.D. at 451. The Secretary does not challenge Plaintiff's commonality allegation, and the Court finds that commonality exists.

■ Rule 23(a)(3) requires that "the claims or defenses of the named representative be typical of the claims or defenses of the class." This typicality requirement "does not require precise, mirror-image identity respecting the injuries caused by a single practice or policy...." *International Woodworkers*, 659 F.2d at 1270. Rather, the typicality rule assures that the class representative's interests are aligned with those of the class. Plaintiff contends that she has suffered a loss or reduction in SSI benefits due to the implementation of the Secretary's policy and will continue to be affected for as long as the policy remains in effect. Since the class by definition includes all persons similarly aggrieved by the Secretary's policy, Plaintiff appears to be an entirely appropriate representative.

■ Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." In analyzing whether this requirement has been met, the Court "must consider the abilities of both the attorneys who represent the class representatives, and the class representatives themselves." *Christman*, 92 F.R.D. at 452 (footnote omitted).

In the present case, the Secretary does not challenge the competence of Plaintiff's attorneys. Rather, the Secretary contends that Plaintiff cannot adequately represent the interests of the class because she lacks the physical and mental vigor to prosecute the action due to her disability and indigent status.

These allegations, without further evidence of antagonism between Plaintiff's interests and those of the rest of the class, are unconvincing. As discussed previously, there appears to be no antagonism between Ms. Kennedy's interests and those of the rest of the class since they all suffer from the effect of the same policy. Furthermore, the Court is also persuaded by Plaintiff's argument that her indigent status demonstrates added incentive to vigorously pursue this case: if Plaintiff's cause is successful, her monthly SSI payments will increase by more than one-fourth.

Plaintiff is seeking Rule 23(b)(2) certification. In order to be certified as a Rule 23(b)(2) class action, "the party opposing the class [must have] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Plaintiff has alleged that the Secretary's implementation of the SSI policy resulted in the denial, termination, or reduction of SSI benefits for all class members, and has requested injunctive relief for the class as a whole. The Court finds that the alleged conduct is "generally applicable" to the class of applicants which Plaintiff seeks to represent, and finds that the requirement of Rule 23(b)(2) is satisfied in the instant case.

■ An additional prerequisite for class certification, which has been developed by the courts, requires Plaintiff to "provide an intelligible description of a cohesive class." *Christman*, 92 F.R.D. at 446. The purpose of this additional requirement is to provide the Court with "enough information to ascertain whose claims will be adjudicated

by the class action" so that all class members may be readily identified upon judgment. *Christman*, 92 F.R.D. at 446. The Secretary has challenged Plaintiff's allegation that a "cohesive" class exists because the proposed class definition does not include a cut-off date for class membership other than the effective date of the SSI policy in November 1981.[3] By definition, the class includes only those individuals *who have applied* for SSI benefits which have been or will be denied, terminated, or reduced because of the policy implementation. Since the class as defined is readily identifiable by the Court, Plaintiff's proposed definition satisfies the "cohesive" class prerequisite.

The Defendant also argues that the named Plaintiff is not a member of the proposed class; however, this argument deserves little discussion. It is quite clear that the class includes SSI recipients or applicants who are also veteran's dependents that have been aggrieved by the policy in question.

■ Having determined that the Rule 23 requirements have been met for class certification, the Court must consider whether the class satisfies the requirements of 42 U.S.C. § 405(g) since Rule 23 does not suspend application of the Act's jurisdictional requirements. The membership of the class must necessarily be limited to those over whom the Court has jurisdiction. *Califano v. Yamasaki*, 442 U.S. at 701, 99 S.Ct. at 2557. Therefore, Plaintiff must establish that the class definition satisfies three § 405(g) requirements: (1) finality, which includes presentment and exhaustion; (2) the 60–day rule; and (3) venue. The Secretary argues that the Court lacks jurisdiction over many or most of the class members.

■ The first element of finality is presentment. The requirement that a claim for benefits shall have been presented to the Secretary is jurisdictional and, thus, nonwaivable. *Mathews v. Eldridge,*

---

3. As suggested by Plaintiff, it appears that Defendant's objection actually focuses upon whether the class, absent a specific cut-off date for

membership in the class, satisfies the jurisdictional requirements of the Act.

424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). To satisfy the presentment requirement, the party seeking relief must have previously requested the relief from the Secretary. In this instance, the Secretary argues that only the named Plaintiff has presented a claim regarding the specific policy at issue and that none of the unnamed class members have filed claims or protests concerning the issue raised in this lawsuit.

The Secretary's argument is not persuasive. Presentment is easily satisfied by limiting class membership to those who have presented claims for benefits to the Secretary. *Mathews v. Eldridge*, 424 U.S. at 329, 96 S.Ct. at 900; *Hyatt v. Heckler*, 579 F.Supp. 985, 997 (W.D.N.C.1984). Plaintiff alleges that all unnamed class members have presented their claims for SSI benefits to the Secretary to establish their entitlement initially. The application for benefits satisfies the presentment requirement as it constitutes an ongoing claim for the maximum benefits available. Proper presentment does not necessitate a further claim. *Mathews v. Eldridge*, 424 U.S. at 329, 96 S.Ct. at 900.

 In addition to fulfilling the presentment element of finality, class members must exhaust all administrative remedies. *Mathews v. Eldridge*, 424 U.S. at 328, 96 S.Ct. at 899. Exhaustion, unlike presentment, may be tolled or waived by the Court. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Mathews v. Eldridge*, 424 U.S. at 328, 96 S.Ct. at 899. The Secretary correctly maintains that waiver of exhaustion of administrative remedies is only appropriate in limited circumstances where Plaintiff's claim is "entirely collateral to [her] substantive claim of entitlement," and that Plaintiff's interest in having that claim resolved is "so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge*, 424 U.S. at 330, 96 S.Ct. at 900. The Secretary also suggests that exhaustion would not be futile in this case because individual circumstances might lead to the inapplicability of the policy to some class members.[4]

 In the present case, Plaintiff has demonstrated that these limited circumstances exist as to the proposed class and that waiver of exhaustion is entirely appropriate. First, Plaintiff's claim does not require application of the Secretary's policy to each individual case. Rather, Plaintiff challenges a policy which affects each class member's eligibility for benefits. Such procedural claims are collateral to the class members' claims for benefits. *Hyatt v. Heckler*, 807 F.2d 376, 379–380 (4th Cir. 1986). Furthermore, the claimants' interests in proper application of policy are great, due to their dependency on SSI benefits for subsistence. The Supreme Court has approved the waiver of the exhaustion requirement in other cases challenging SSI eligibility determinations, noting that

> "[T]he harm caused by wrongful denials was irreparable."
>
> ... We should be especially sensitive to this kind of harm where the Government seeks to require claimants to exhaust administrative remedies merely to enable them to receive the procedures they should have been afforded in the first place.

*Bowen*, 476 U.S. at 484, 106 S.Ct. at 2032 (citation omitted).

Moreover, exhaustion would be futile in this case since the class is defined as those to whom the policy is applicable, contrary to the Secretary's position that individual circumstances might render the policy inapplicable to some class members. A requirement of exhaustion in a case involving similarly situated SSI applicants "would be the mere enforcement of formality, and a waste of administrative and judicial resources." *Hyatt* 579 F.Supp. at 999. For the foregoing reasons, the exhaustion requirements should be waived. Accordingly, the Court finds that the requisite elements of finality have been met by the proposed class members.

---

4. Exhaustion may be "inferred when the Secretary's position with respect to the litigant's claim is so fixed that further pursuit of administrative remedies would be futile." *Hyatt v. Heckler*, 579 F.Supp. 985, 997 (D.C.N.C.1984).

▆▆ The Act also requires an individual to file an action within sixty (60) days after the mailing of notice of the Secretary's final decision. 42 U.S.C. § 405(g). The Secretary has the discretion to waive the 60–day requirement but refuses to do so in this instance. However, the 60–day rule is a statute of limitations which may be equitably tolled by a Court "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen* 476 U.S. at 480, 106 S.Ct. at 2030 (quoting *Eldridge*, 424 U.S. at 330, 96 S.Ct. at 900). Circumstances warranting tolling include secretive conduct by the government which prevents claimants from knowing of a violation of rights. *Bowen*, 476 U.S. at 480–481, 106 S.Ct. at 2030–2031. In such instances, claimants are afforded "reasonable opportunity to learn the facts concerning the cause of action." *Bowen*, 476 U.S. at 481, 106 S.Ct. at 2030.

▆▆ The Plaintiff has alleged that equitable tolling is justified because her claim challenges a "systematic, unpublished policy that denied benefits in disrespect of the law." *Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir.1986). The alleged violative Social Security Administration policy, which appeared in an unpublished Social Security Ruling, failed to alert claimants about the reversal in policy which had been in effect since the beginning of the SSI program. Claimants, believing the Secretary to be acting within the boundaries of the Social Security Act and eligibility regulations, permitted their remedies to expire. Such equities warrant tolling of the 60–day requirement.

▆▆ Lastly, the statute requires that a civil action be brought in the District of the Plaintiff's residence or in the District of Columbia. 42 U.S.C. § 405(g). Like the statute of limitations, venue is waivable by the parties. *Weinberger v. Salfi*, 422 U.S. 749, 763–764, 95 S.Ct. 2457, 2465–2466, 45 L.Ed.2d 522 (1975). Here, as in *Salfi*, no question has been raised as to whether the proposed class satisfies the venue requirement and, accordingly, objection to the same is deemed to have been waived by the parties.

▆▆ Despite hearing no objection to venue, the Court believes that the proposed class definition should not be extended to individuals beyond the boundaries of this judicial district. Plaintiff has presented no justification for requesting that class membership be extended to the entire Fourth Circuit. The United States Supreme Court has cautioned:

> a federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate in the case before it, and that certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts.

*Califano v. Yamasaki*, 442 U.S. at 702, 99 S.Ct. at 2558. The Court believes that these same concerns are applicable to certifying a circuit-wide class. The Court is advised of identical litigation pending in the United States District Court for the District of Vermont, but is not advised if other federal district courts have likewise been presented with this issue.

Accordingly, it would appear most appropriate to limit class membership to applicants/recipients residing in the Northern District of West Virginia.

Upon reviewing all matters of record and carefully considering the arguments of counsel, it appears that this is an appropriate case for certification pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED, that the class, with Plaintiff Barbara Kennedy as the class representative, is defined as:

> All persons residing within the boundaries of the Northern District of West Virginia, having presented claims for benefits to the Secretary, and whose SSI benefits have been or will be denied, terminated or reduced because of the Secretary's policy of counting as unearned income to the SSI applicant or recipient the amount of the augmented

veteran's benefit paid to the applicant/recipient's spouse or parent.

It is further

ORDERED that the pending cross motions for summary judgment are referred to United States Magistrate Judge David L. Core for the submission of proposed findings of fact and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure, and Local Court Rule 4.01(d).