**Dennis DYER, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant–Appellee.**

No. 88–2221.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 11, 1989.

Decided Aug. 28, 1989.

Kenneth F. Laritz, Warren, Mich., for plaintiff-appellant.

Donna Morros Weinstein, Chief Counsel, Robert Hanson, Dept. of Health and Human Services, Office of the General Counsel, Region V, Chicago, Ill., Elizabeth Larin, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before KEITH and GUY, Circuit Judges, and HULL, Chief District Judge.*

PER CURIAM.

In this social security case, plaintiff appeals from the district court's opinion affirming the decision of the Secretary denying disability benefits. The Appeals Council, on its own motion, chose to review the decision of an administrative law judge (ALJ) who initially awarded benefits. The Appeals Council reversed. In his appeal to this court, as in his amended complaint before the district court, Dyer has chosen not to present any argument relating to the correctness of the ALJ's decision. Instead, Dyer argues that the district court erred in failing to conclude that alleged illegalities in the Appeals Council's method of selecting cases for review mandates reversal of the Appeals Council's decision. Finding the district court to have properly dismissed plaintiff's claim, we affirm.

I.

This case began on June 5, 1985, when Dyer filed an application for a period of disability and disability insurance benefits. After this application was denied, with the denial affirmed on reconsideration, plaintiff requested and received a hearing before an ALJ. On May 21, 1986, after this hearing, the ALJ determined that Dyer was entitled to receive benefits.

On July 16, 1986, the Appeals Council notified Dyer that his claim would be reviewed pursuant to 20 C.F.R. § 404.969. On October 10, 1986, the Appeals Council issued a decision reversing the ALJ, finding that the ALJ's decision was not supported by substantial evidence, that Dyer's testimony before the ALJ was not credible, and that Dyer was not entitled to benefits.

Plaintiff filed a complaint in district court seeking review of the Appeals Council's conclusion relating to the substantial evidence question. The case was initially assigned to a magistrate, who recommended reversal of the Appeals Council and reinstatement of the ALJ's decision. Before the district court rendered a final decision, but after the district court judge had expressed his initial opinion that the Appeals Council should be affirmed, plaintiff was granted leave to amend his complaint. In this amended complaint, plaintiff did not include his claims relating to the substantial evidence question. Rather, plaintiff alleged that the defendant violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, by failing to publish in the

---

* The Honorable Thomas G. Hull, Chief Judge for the Eastern District of Tennessee, sitting by des- ignation.

Federal Register the rules followed by the Appeals Council in determining which cases it would review on its own motion.

After passage of the Bellmon amendment, as part of the Social Security Disability Amendments of 1980, the Secretary formulated a so-called Bellmon Review Program to establish guidelines governing when the Secretary would use its already existing authority to review cases on its own motion. Dyer maintained that, under this review system, the Appeals Council targeted particular ALJs and/or offices for increased review. This program was never published in the Federal Register, and there was never a period for public comment.

Plaintiff makes a second argument. In 1984, an agency official issued a letter in which he suggested that review would no longer be based on the targeting of particular ALJs. Plaintiff argues, however, that such targeting actually continued, and the ALJ who presided over his hearing was a targeted judge. Dyer contends that such targeting violated official agency rules, and that the decision reversing the decision of the ALJ must be vacated.

After allowing the plaintiff to proceed with discovery, the district court considered the matter and granted the Secretary's motion for summary judgment. The judge determined that this circuit does not recognize the type of challenge to Bellmon review that plaintiff asserted. Additionally, the district court ruled that the letter in which the Appeals Council declared it would no longer target particular judges did not establish a binding rule, so even if plaintiff was correct in saying the ALJ deciding his case had been targeted, plaintiff would not be entitled to the relief he sought.

## II.

■ In advancing his claim based on the alleged illegality of the Secretary's failure to publish the Bellmon rules governing selection of cases for review, Dyer relies exclusively on *W.C. v. Bowen*, 807 F.2d 1502 (9th Cir.1987). In this case, the Ninth Circuit held that decisions rendered under the Bellmon review program were void for non-compliance with the notice and comment, rulemaking procedures of the A.P.A. 5 U.S.C. §§ 551(4), (5), 553. Dyer argues that the Appeals Council's decision to review his case was similarly based upon unpublished rules guiding selection of cases for review, so the Appeals Council decision in his case should be vacated.

The district court correctly rejected this argument, as this circuit has been clear and consistent in its rejection of the Ninth Circuit rule in *W.C. v. Bowen*. In our en banc decision in *Mullen v. Bowen*, 800 F.2d 535 (6th Cir.1986), we concluded that the Bellmon review process is merely an assertion of preexisting authority granted the Appeals Council, so any requirements set by the A.P.A. to guide rulemaking are inapplicable. Subsequently, in *Duda v. Secretary of Health and Human Services*, 834 F.2d 554 (6th Cir.1987), this court expressly declined to follow the rule established in *W.C. v. Bowen*, and declared that the Appeals Council has the statutory authority to review cases on its own motion, and there is no requriement that it establish formal rules in the manner required by the A.P.A. Thus, in this circuit, Dyer's argument that the failure to follow the requirements of the A.P.A. in adopting the Bellmon review process requires reversal of the Secretary's decision is unavailing.

## III.

■ Dyer's second argument is similarly unpersuasive. Dyer notes that, according to a June 21, 1984, letter written by Frank Smith III, Associate Commissioner, Office of Hearings and Appeals, Social Security Administration, (the Smith letter), the Secretary no longer intended to target individual ALJs and their decisions for review. Dyer asserts that the evidence he unearthed during discovery suggests that the Secretary still targets particular ALJs, including the ALJ who presided at Dyer's hearing, so the Appeals Council review of that hearing must be vacated. Even if Dyer is correct in his assertion, we conclude there has been no violation. We reach this conclusion because we find, like

the district court, that the position established in the Smith letter was a general, non-binding statement of policy, and not a substantive rule, binding on the Secretary.

██ Statements made by federal agencies may constitute substantive rules or merely be general policy statements. Agencies are bound by duly promulgated substantive rules, which have the force of law, *Chrysler Corp. v. Brown*, 441 U.S. 281, 301–302, 99 S.Ct. 1705, 1717–1718, 60 L.Ed.2d 208 (1979), while interpretive rules or policy statements do not have binding effect. *Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528, 537 (D.C.Cir.1988); *Iowa Power & Light Co. v. Burlington Northern, Inc.*, 647 F.2d 796, 811 (8th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1253, 71 L.Ed.2d 445 (1982). In order to determine whether a particular statement is a binding rule or a general, non-binding policy statement, courts must examine both the language of the statement and the purpose it serves. If a pronouncement implements a statute by enacting a legislative-type rule affecting individual rights and obligations, it is likely to be a substantive rule. *Chrysler Corp. v. Brown*, 441 U.S. at 302, 99 S.Ct. at 1717. A statement is also likely to be considered binding if it narrowly circumscribes administrative discretion in all future cases, and if it finally and conclusively determines the issues to which it relates. *Cleveland Cliffs Iron Co. v. Interstate Commerce Comm'n*, 664 F.2d 568, 575 (6th Cir.1981). A policy statement is a pronouncement that simply advises the public what the agency's prospective position on an issue is likely to be.

In this case, we agree with the district court that the pronouncement contained in the Smith letter was a non-binding statement of general policy. The most persuasive factor in our analysis is the language of the letter, which expressly states that the changes advanced (the elimination of targeting) are "made on an interim basis" to provide guidance while several alternatives are considered. Smith states that he has not made any decision as to the final structure of the Bellmon review mecha-

nism. Additionally, the district court correctly noted that the letter was written in an informational, rather than a declarative tone, suggesting that the rule was not intended to be binding in all future cases. Finally, the district court observed that the status of targeted review was uncertain in 1984, meaning that a sensible interpretation of the letter would leave the Secretary with enough discretion to tailor his review criteria to fit the law as it might develop. It is clear to this court, as it was clear to the district court, that the Smith letter was not intended to be a binding statement of policy, so any deviation from the position espoused in that letter would not be improper.

The decision of the district court is AFFIRMED.