**Cecile WHITE and Dorothy E. Greene, Intervenor, on behalf of themselves and all others similarly situated,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services.**

**Civ. A. No. 89–335.**

United States District Court, D. Vermont.

May 27, 1992.

---

Jacqueline Majoros and Brian Sawyer, Vermont Senior Citizens Law Project, Burlington, VT, for plaintiffs.

Helen M. Toor, Asst. U.S. Atty., Burlington, VT, for defendant.

## OPINION AND ORDER

COFFRIN, Senior District Judge.

Cecile White and Dorothy Greene filed this class action on behalf of themselves and others ("plaintiffs"), alleging Louis W. Sullivan, M.D., the Secretary of Health and Human Services ("defendant"), had wrongfully reduced their Supplemental Security Income ("SSI") benefits. Plaintiffs and defendant each moved for summary judgment. For the following reasons, plaintiffs' motion for summary judgment is granted and defendant's motion is denied.

## BACKGROUND

Our October 15, 1991 Opinion and Order fully sets out the facts underlying this dispute. *See White v. Sullivan*, 1991 WL 315124 (D.Vt. October 15, 1991) (Coffrin, J.). In our October 15, 1991, Opinion and Order, we certified a class consisting of:

> All Supplemental Security Income (SSI) applicants and recipients residing in Vermont whose Supplemental Security Income (SSI) benefits have been or will be denied, reduced or terminated as a result of the Secretary's policy which considers that portion of Veteran's Administration benefits paid to the veteran for the support of the veteran's dependent as countable unearned income to the dependent for the purpose of computing the dependent's SSI benefits.

*Id.* at 3. In that decision, we dismissed without prejudice the damages claims of class members who are not class representatives. We also dismissed, on *res judicata* grounds, the claims of class members who in the past had appealed a final decision of the Secretary and received a final judgment from a court of competent jurisdiction. *Id.* at 18.

The legal issue before us concerns whether defendant has properly interpreted 42 U.S.C. Section 1382a(a)(2)(B) [1] as conferring authority to count that portion of Veteran's Administration ("VA") benefits paid to a veteran for the support of the veteran's dependent as unearned income of the dependent for purposes of calculating the dependent's SSI benefits. There are no outstanding questions of material fact. On January 31, 1992, defendant moved for summary judgment. On February 3, 1992,

---

1. The statute in question reads in pertinent part:

   **§ 1382a. Income; definition of earned and unearned income; exclusions from income**

   (a) For purposes of this subchapter, income means both earned income and unearned income and—

       \*    \*    \*    \*    \*    \*

   (2) unearned income means all other income, including—

       \*    \*    \*    \*    \*    \*

   (B) any payments received as an annuity, pension, retirement, or disability benefit, in-

   cluding veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits....

   42 U.S.C. § 1382a(a)(2)(B).

plaintiffs moved for summary judgment. We consider the parties' motions below.

## DISCUSSION

### I. Jurisdiction

Any individual, after any final decision of the Secretary of Health and Human Services made after a hearing to which he or she was a party, irrespective of the amount in controversy, may obtain a review of such decision by filing an action in United States District Court within sixty days of the Secretary's decision. 42 U.S.C. § 405(g). Representatives Green and White satisfied the exhaustion of remedies and sixty day limitations requirements of Section 405(g). Waiver of the exhaustion requirement and tolling of the sixty day limitations period is appropriate for other class members. *See White,* October 15, 1991 slip op. at 5–16, 1991 WL 315124.

### II. Standard of·Review

#### A. Summary Judgment

We will grant summary judgment when there is no genuine issue of material fact and when, based upon facts not in dispute, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In assessing the record, we must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, we will enter judgment against a non-moving party who fails to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 321–23, 106 S.Ct. at 2552.

### B.· Review of Agency Action

Plaintiffs challenge Social Security Ruling 82–31 ("SSR 82–31"), which since 1981 has represented defendant's interpretation of certain Social Security Administration ("SSA") enabling legislation, codified as 42 U.S.C. Section 1382a(a)(2)(B). In reviewing a challenge to the agency's interpretation of its governing statutes:

> We first ask whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781 [81 L.Ed.2d 694] (1984). In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole. *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1817 [100 L.Ed.2d 313] (1988). But if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute, *Chevron* [467 U.S. at 841–43], 104 S.Ct. at 2781, that is, whether the agency's construction is rational·and consistent with the statute. *NLRB v. United Food & Commercial Workers·Union, Local 23,* 484 U.S. 112, 123, 108 S.Ct. 413, 420 [98 L.Ed.2d 429] (1987).

*Sullivan v. Everhart,* 494 U.S. 83, 88–89, 110 S.Ct. 960, 964, 108 L.Ed.2d 72 (1990). However, the agency's outwardly reasonable interpretation of a silent or ambiguous statute is not always entitled to great deference: its construction of a statute is accorded the most weight when the interpretation is contemporaneous with the statute's enactment. *Watt v. Alaska,* 451 U.S. 259, 272–73, 101 S.Ct. 1673, 1680–81, 68 L.Ed.2d 80 (1981). Where an agency modifies its longstanding interpretation of a statute and that more recent interpretation conflicts with the agency's initial interpretation, the newer construction is not enti-

tled to the same degree of deference as the earlier one. *Id.*

■ Prior to 1981, defendant interpreted 42 U.S.C. Section 1382a(a)(2)(B) as conferring authority to count the augmented portion of a veteran's VA pension as unearned income *of the veteran.* In 1981, in response to a series of appeals court decisions overturning the policy,[2] defendant abruptly shifted course by adopting SSR 82–31, which counts the augmented portion of a veteran's VA pension as unearned income *to the veteran's dependent.* Thus, SSR 82–31 marks a significant departure from defendant's longstanding policy and for that reason, is not entitled to the same degree of deference as its predecessor policy. Insofar as defendant interprets VA statutes and regulations, as opposed to SSA statutes and regulations, defendant's construction is entitled to no deference. *Whaley,* 663 F.2d at 873.

### III. Motions for Summary Judgment

Plaintiffs and defendant assert five arguments in support of their respective motions for summary judgment. First, plaintiffs argue defendant's interpretation of 42 U.S.C. Section 1382a(a)(2)(B) has been inconsistent and therefore is arbitrary and capricious. Second, plaintiffs argue SSR 82–31 is inconsistent with the statute and regulations, while defendant argues SSR 82–31 is consistent with the statute and regulations. Third, plaintiffs argue SSR 82–31 is invalid because defendant failed to properly enact it. Fourth, plaintiffs argue the Administrative Law Judge's decision, which was favorable to plaintiffs, was binding on defendant. Finally, plaintiffs argue defendant's decision concerning White was not supported by substantial evidence.

### A. Inconsistent Interpretation

■ Plaintiffs first argument is that the change in policy evinced by defendant's promulgation of SSR 82–31 renders the ruling arbitrary and capricious, and thus, without force and effect. While we have

found that the policy underlying SSR 82–31 stands in sharp contrast with defendant's previous policy, a complete shift in direction by an executive agency does not automatically condemn its subsequent positions: restricting an agency in this way would cripple its ability to reevaluate its past positions and to carry out its duties. Agencies are neither required nor supposed to regulate the present and future within the inflexible limits of yesterday. *See American Trucking Assos. v. Atchison, T. & S.F.R. Co.,* 387 U.S. 397, 414–16, 87 S.Ct. 1608, 1618, 18 L.Ed.2d 847 (1967). Therefore, we do not find that defendant's promulgation of SSR 82–31 was arbitrary and capricious. However, as noted above, in reviewing SSR 82–31, we will not accord its underlying policies the degree of deference that we would a consistently held position.

### B. Inconsistency with Statute and Regulations

Plaintiffs and defendant dispute whether SSR 82–31 is consistent or inconsistent with the statute and regulations. The argument centers around plaintiffs' and defendant's differing interpretations of the word "received" as used in 42 U.S.C. Section 1382a(a)(2)(B). Plaintiffs argue that for purposes of the statute they never "receive" the augmented portion of VA benefits because the VA pays these funds to the veteran, as opposed to plaintiffs. Defendant argues the augmented portion of the veteran's check is paid to the veteran for the benefit of the dependent, and therefore, for purposes of the statute, the dependent constructively "receives" the funds.

■ As noted above, our first inquiry is whether Congress has unambiguously expressed its intent. To discern this, we must look to the specific language of the statute, as well as to the language and design of the statute as a whole. "Receive" is not specifically defined in the statute: accordingly, we will construe the word according to its common meaning. Receive is defined as "to take or get; acquire or

**2.** *See e.g., Tsosie v. Califano,* 651 F.2d 719 (10th Cir.1981); *Whaley v. Schweiker,* 663 F.2d 871 (9th Cir.1981).

accept," *Webster's New World Dictionary* 1120 (3d ed. 1988), or "to take into possession and control; accept custody of; collect." *Black's Law Dictionary*, 1140 (5th ed. 1979). Thus, in order to receive the augmented VA benefits, the dependent must actually come into possession of VA payments and control how they are spent. In the instant case, the VA issues the benefit to the veteran, who therefore controls how the money is spent. While very likely the majority of veteran recipients earmark the augmented portion of their benefits to support their dependent, there is no requirement or assurance that this occur. In sum, receipt of augmented benefits by the veteran does not equate with receipt thereof by the SSI claimant for purposes of 42 U.S.C. Section 1382a(a)(2)(B).[3]

■ A reading of the VA statute establishing the augmented VA pension system supports the view these funds are not unearned income of the dependent. 38 U.S.C. Section 1521(c) provides in pertinent part:

> If the veteran is married and living with or reasonably contributing to the support of such veteran's spouse, or if there is a child of the veteran in the custody of the veteran or to whose support the veteran is reasonably contributing, [the augmented] pension shall be paid *to the veteran . . . .*

38 U.S.C. § 1521(c) (emphasis added). Section 1521(c) does not give the dependent the right to receive the augmented portion of the VA benefits, nor does it require the veteran to use these funds on the dependent's behalf. Therefore, for purposes of the statute, plaintiffs do not receive the augmented portion of VA benefits, and consequently, defendant may not count these funds as unearned income to plaintiffs.

■ Second Circuit case law also indicates augmented VA pension payments are not income for SSI purposes. For funds to constitute countable income for SSI purposes they must create an actual economic benefit to the claimant.[4] *Ruppert v. Bowen*, 871 F.2d 1172, 1179 (2d Cir.1989) (citing *Rothman v. Schweiker*, 706 F.2d 407, 410 (2d Cir.) (per curiam), *cert. denied*, 464 U.S. 984, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983)). In the instant case, where the veteran spends the augmented portion of his or her VA pension to meet his or her own needs, the claimant receives no economic benefit from the VA payments. Accordingly, the dependent VA increment is not unearned income to the dependent for SSI purposes.

■ Defendant's own regulations also indicate augmented portions of VA benefits are not income to the dependent. Defendant defines "income" as the "receipt by an

3. Defendant relies heavily on *Robinson v. Bowen*, 650 F.Supp. 1495 (S.D.N.Y.), *aff'd*, 828 F.2d 71 (2d Cir.1987). The issue in *Robinson* was whether the amount of VA funds withheld from the veteran in order to correct past overpayments to the veteran should nevertheless be considered income of the veteran at the time withheld for purposes of determining the veteran's SSI benefits. The *Robinson* court decided that withheld payments were indeed income, notwithstanding the fact that the veteran did not actually receive them at the time credited. In so holding, the *Robinson* court down-played the ordinary meaning of the word "received" and de-emphasized the word's presence in Section 1382a(a)(2)(B).

The *Robinson* court decided not to give "received" its ordinary meaning because it believed that requiring withheld VA funds to be actually received by the veteran in order to come within SSI's definition of unearned income would have been tantamount to using SSI funds to pay the veteran's VA debts, an outcome that would have damaged the integrity of the SSI program. Al-

though we believe the *Robinson* court could have interpreted "received" according to its ordinary meaning and nevertheless counted withheld VA payments as income actually received in the form of debt relief, we respect its decision to depart from the ordinary meaning of "received" in order to uphold the integrity of the SSI program. However, just as the *Robinson* court refused to interpret "received" in a way that it believed would result in the use of SSI funds to repay a veteran's VA debts, we will not interpret "received" in a way that allows funds paid to, and spent by, the veteran to count as income of the veteran's dependent. For that reason, we attribute to "received" its ordinary meaning.

4. *Robinson*, 650 F.Supp. at 1495 is also consistent with this actual economic benefit analysis. In *Robinson*, the SSA withheld pension funds from the veteran in order to retire debts owed to the SSA by the veteran. Debt relief is equivalent to income received, and as such, is properly included in income for SSI calculation purposes.

individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs." 20 C.F.R. §§ 416.120(c)(2); 416.1102. In the instant case, the SSI claimant never gains dominion over the VA funds, and therefore, is never able to apply these funds to meet his or her basic needs. Accordingly, augmented VA pension benefits do not meet defendant's own definition of "income" and cannot be counted as such in determining SSI benefits.

■ SSR 82–31 also conflicts with other of defendant's regulations. Under the VA pension system envisioned by defendant, the veteran first receives augmented VA benefits and then distributes the augmented portion to his or her dependents, either as cash, or as in-kind income—food, shelter, or clothing. 20 C.F.R. § 416.1102. Defendant usually considers such third party transfers of cash or in-kind income to be income to the SSI recipient. 20 C.F.R. § 416.1103(g).[5] An exception to this general rule lies in the case where the SSI claimant receives the in-kind income from another member of a public assistance household, as is the case here.[6] Defendant does not include in-kind income received from another member of a public assistance household when calculating SSI benefits. 20 C.F.R. § 416.1142(b). In sum, defendant's own regulations do not count in-kind income transferred from one member of a public assistance household to another member of the same household as part of an SSI claimant's income for SSI determi-

nation purposes. Yet, this is the precise effect of SSR 82–31. Therefore, SSR 82–31 is inconsistent with these in-kind income regulations and must yield to them.

■ Defendant raises a number of arguments in an effort to harmonize SSR 82–31 with the statute and regulations and prevail on its summary judgment motion. Defendant's arguments boil down to the assertion that if defendant cannot count augmented VA benefits as income to the veteran, *see eg., Tsosie*, 651 F.2d at 719; *Whaley*, 663 F.2d at 871, then there remains no choice but to count these payments as income to the dependent SSI recipient.

The *Whaley* line of cases holds that defendant cannot count augmented VA benefits as income to the veteran because to do so would intolerably reduce the veteran's own benefits and possibly cause the veteran to apply the augmented portion to meet the veteran's own needs rather than to those of his dependents. *See Whaley*, 663 F.2d at 874–75. The holding in *Whaley*, 663 F.2d at 871, does not command an outcome here of counting augmented VA benefits as income to the veteran's dependents. The calculation of income for SSI purposes is not a neat zero-sum mathematical game in which any public assistance benefits a family member receives must be offset by a corresponding decrease in the benefits of another family member. *Paxton v. Secretary of Health and Human Services*, 856 F.2d 1352, 1357 (9th Cir.1988).

**5.** Defendant argues food, clothing, and shelter purchased by the veteran on the dependent's behalf must be purchased with the veteran's "own" money in order to be considered in-kind income to the dependent. If true, this would conflict with the *Whaley* line of cases which hold that augmented portions of VA pension benefits are not income to the veteran. 20 C.F.R. § 416.1103(g) includes in the definition of in-kind income the value of food, clothing, or shelter paid for by someone other than the claimant. This includes the situation in the instant case where the veteran is envisioned as taking the augmented portion of the VA pension and using it to pay for the support of his or her family. Thus, the regulation refers to the act of payment, not to ownership of the money in question. The regulation does not require the third party to use their "own" money for the

commodities to constitute in-kind income. The example following Section 416.1103(g) cited by defendant uses the term "own" money, but it and those that follow it are included for illustrative purposes only.

Defendant's regulations on counting in-kind income are set out in 20 C.F.R. §§ 416.1130–416.1149.

**6.** A public assistance household is one in which every member receives some kind of public income-maintenance payments. 20 C.F.R. § 416.1142(a). Class representatives White and Green receive SSI and their spouses receive VA pensions. Both SSI and VA pensions are public income-maintenance payments. 20 C.F.R. §§ 416.1142(a)(2) and (a)(7). Therefore, White and Green maintain public assistance households.

By creating a large category of exclusions from income entitled "Unearned income we do not count" and including therein fourteen different types of income, defendant acknowledges this fact. *See* 20 C.F.R. § 416.1124. The crux of *Whaley* is that counting the augmented portion of VA benefits as income to the veteran would harm the veteran's dependents, the very class the VA benefits are designed to protect and thereby contravenes both SSA and VA policy. Such a holding does not, in turn, direct us to hold that the augmented portion of the veteran's pension must be countable as income to the dependent. Until the VA puts the augmented portion of its pension directly into the hands of the dependent, who can then spend it to meet his or her own needs, it is not income to the dependent for purposes of SSI.

## C. Administrative Procedure Act

Plaintiffs' third argument is that SSR 82–31 is invalid because defendant failed to promulgate the ruling in accordance with the notice and comment requirements of the Administrative Procedure Act, 5 U.S.C. Sections 551–706. Plaintiffs' argument turns on whether SSR 82–31 is a substantive rule, which must undergo the notice and comment procedure in order to be valid, or merely an interpretive rule, which would be exempt from the notice and comment requirement. *Toy Mfrs. of America, Inc. v. Consumer Product Safety Com.*, 630 F.2d 70, 75–77 (2d Cir.1980). Defendant does not dispute that SSR 82–31 did not undergo notice and comment rule making.

■ In determining whether SSR 82–31 is a substantive rule or a general, non-binding, interpretive rule, we must examine both the wording of the ruling and the purposes its serves. If a ruling implements a statute by enacting a legislative-type rule affecting individual rights and obligations, it is likely to be a substantive rule. *Dyer v. Secretary of Health and Human Services*, 889 F.2d 682, 685 (6th Cir.1989) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 302, 99 S.Ct. 1705, 1717, 60 L.Ed.2d 208 (1979)). A statement is also likely to be considered a substantive rule if it narrowly circumscribes administrative discretion in all future cases, and if it finally and conclusively determines the issues to which it relates. *Id.* (citing *Cleveland Cliffs Iron Co. v. Interstate Commerce Com.*, 664 F.2d 568, 575 (6th Cir.1981)). Substantive rules grant rights, impose obligations or produce other significant effects on private interests.

■ Non-binding interpretive rules, on the other hand, merely express agency interpretations, policy, or internal practice. Interpretive rules are not determinative of issues or rights addressed. They do not foreclose alternate courses of action or conclusively affect rights of private parties. *Batterton v. Marshall*, 648 F.2d 694, 703 (D.C.Cir.1980). In distinguishing substantive rules from interpretive rules one looks to whether the agency's statement changed existing rights and obligations. *New York v. Lyng*, 829 F.2d 346, 353–54 (2d Cir.1987) (citing *Donovan v. Red Star Marine Servs., Inc.*, 739 F.2d 774, 783 (2d Cir.1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1355, 84 L.Ed.2d 377 (1985)). A statement that alters an agency's longstanding position changes existing rights and obligations and tends therefore, to be substantive in nature. *Lyng*, 829 F.2d at 353; *Jerri's Ceramic Arts, Inc. v. Consumer Product Safety Com.*, 874 F.2d 205, 208 (4th Cir. 1989).

■ Until defendant enacted SSR 82–31, plaintiffs were eligible to receive both the augmented portion of VA benefits and a full SSI payment. While the enactment of SSR 82–31 had no effect on plaintiffs' VA benefits, it did reduce the amount plaintiffs received in SSI benefits: $62.43 per month in the case of class representative White, and $22.28 per month in the case of class representative Green. Thus, the enactment of SSR 82–31 affected plaintiffs' rights to SSI benefits, and considering plaintiffs' reliance on public assistance, this effect was substantial.

Under any standard, SSR 82–31 is a substantive rule. The rule establishes that plaintiffs do not have a right to receive the full amount of their SSI payment and SSA

employees do not have any discretion in making this determination. The reduction in plaintiffs' income brought about by the rule critically reduces plaintiffs' ability to meet their basic needs. Finally, defendant's enactment of SSR 82–31 disrupted plaintiffs' long-held right to receive both the augmented portion of VA funds and full SSI benefits while it eliminated defendant's obligation to pay full SSI benefits in these situations. The enactment of SSR 82–31 did not mark uncharted territory for the defendant, but rather, modified his longstanding position on the issue. Accordingly, SSR 82–31 is a substantive rule and is void because defendant failed to follow notice and comment requirements in enacting it.

### D. ALJ's Decision Binding on Defendant

Plaintiffs' fourth argument, in the case of White, is that the ALJ's decision was binding on defendant because the Appeals Council did have authority to reopen the matter. Anytime within sixty days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. 20 C.F.R. § 416.1469. The ALJ issued his final, amended decision on June 12, 1989. Plaintiffs' Memorandum in Support of Motion for Summary Judgment at App. A, Ex. 2. The Appeals Council notified White it had reopened the matter on July 13, 1989. Administrative Transcript at 2. The period between June 12 and July 13 is less than sixty days, meaning the Appeals Council had the right to reopen the matter *sua sponte* at that time. Accordingly, there is no basis to plaintiffs' argument.

### E. Defendant's Decision not Supported by Substantial Evidence

Given our determination that SSR 82–31 is void either because it conflicts with 42 U.S.C. Section 1382a(a)(2)(B) or because defendant did not adopt it properly, we see no reason to review the question of whether there was substantial evidence to support defendant's decision regarding class representative White.

### CONCLUSION

For the reasons above stated, plaintiffs' motion for summary judgment is granted and defendant's motion for summary judgment is denied.

Accordingly, it is hereby ordered that:

(1) summary judgment be entered for the named plaintiffs and plaintiffs' class members;

(2) Social Security Ruling 82–31 as applied to plaintiffs and members of the class is declared invalid;

(3) defendant's final decision denying benefits to Cecile White is reversed;

(4) as to members of the class, defendant and his successors and agents are enjoined from applying Social Security Ruling 82–31 and from promulgating new policies or rules that count the augmented portion of a veteran's Veteran's Administration benefits as income of the veteran's dependent for purposes of determining the dependent's Supplemental Security Income benefits;

(5) within 30 days from the date of this decision, defendant and his successors and agents shall submit for the court's approval a realistic schedule for reimbursement of the amount of any underpayments resulting from defendant's application of SSR 82–31 and similar policies to plaintiffs and the members of plaintiffs' class; and

(6) the parties shall endeavor to stipulate to the amount of plaintiffs' reasonable attorneys' fees and costs, to be paid by defendant to plaintiffs. If the parties are unable to agree on the amount of reasonable attorneys' fees within 60 days of the date of this decision, plaintiffs' counsel shall submit a statement of the fees involved together with supporting documentation. The court shall thereupon schedule a hearing to determine the amount of such an award.