**Hugh WHALEY, Plaintiff-Appellee,**

v.

**Richard S. SCHWEIKER,\* Secretary of Health and Human Services, Defendant-Appellant.**

**No. 79–4210.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1980.

Decided Nov. 23, 1981.

---

\* Secretary Richard S. Schweiker is substituted for his predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

872

Dennis J. Mulshine, San Francisco, argued, Robert V. Varnum, Atty. Gen., Stuart E. C., on brief, for defendant-appellant.

Darcie Reid, Fresno, Cal., for plaintiff-appellee.

Before HUG and TANG, Circuit Judges, and MURRAY,** District Judge.

HUG, Circuit Judge:

*The opinion of April 6, 1981, 650 F.2d 181 (9th Cir. 1981), is hereby withdrawn and the following opinion is substituted.*

██ This case concerns the computation of benefits under the Social Security Act. The issue is whether increased pension benefits paid to a disabled veteran for the support of his minor children under the Veterans' Act constitute income to the veteran so as to disqualify him from receiving supplemental income benefits under the Social Security Act, 42 U.S.C. § 1382a. We hold that such increased pension benefits provided to the veteran for the purpose of supporting his minor children should not serve to reduce his individual entitlement under the Social Security Act.

At the time this action was commenced, plaintiff Hugh Whaley was a 68-year-old veteran with two minor children. Whaley received a monthly veterans' pension, based on a non-service-connected disability, for support of himself and the children. In addition, Whaley qualified for Supplemental Security Income ("SSI") benefits under the Social Security Act.

In August, 1976, the Social Security Administration ("SSA") advised Whaley that he no longer was eligible for benefits because he had income in excess of statutory limits. In determining Whaley's income, the SSA included the dependents' benefits portion of his veterans' pension. This computation was made pursuant to a policy set out in the Social Security Claims Manual, § 12343(b)(1).[1] If the dependents' benefits were excluded from the computation, Whaley's income level would have made him eligible for SSI benefits. Because of the decision to include them, Whaley lost not only his SSI benefits, but several other state-provided benefits, including medical care.

After exhausting his administrative remedies, Whaley brought this action for review of denial of benefits under 42 U.S.C. § 405(g). The case was referred to a magistrate, who concluded the SSA's policy is unreasonable and "does violence to" Congress's intent to aid the needy. The district court concurred with the magistrate's recommendation and ordered reinstatement of Whaley's SSI benefits.

I

The Secretary contends that he is authorized under 42 U.S.C. § 1382a and its inter-

---

** The Honorable W. D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

1. § 12343(b)(1) of the Claims Manual states:
 In some instances, in order to determine the benefit, the VA takes into account the number of dependents a veteran has, their ages, and if they are students, etc. However these facts and the use of tables which show varying rates based on the number of dependents to determine the amount of a veteran's or widow's benefit do not affect the determination of whose income a benefit is and how much is income for SSI purposes.

pretive regulations to determine what constitutes income for SSI purposes. 42 U.S.C. § 1382a(a)(2)(B) identifies "veterans' compensation and pensions" as unearned income of the benefit recipient. 20 C.F.R. § 416.1102 (1981) defines income in terms of availability to meet the recipient's basic needs. Relying on these provisions, the Secretary argues that the entire veterans' pension is available to the veteran, including increased benefits based on the needs of dependent children. He contends that the delivery to the veteran of one unapportioned check leaves the veteran "legally free to use the money for anything he wants." Because the veteran can apply the pension to his own needs, rather than spend it for the benefit of his dependents, the Secretary concludes the entire pension is income to the veteran.

■ We acknowledge the Secretary's claim that an agency's interpretation of a statute it administers is entitled to deference. *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *Brubaker v. Morton,* 500 F.2d 200, 202 (9th Cir. 1974). However, that principle has no application in this case. The Secretary purports to interpret the statutes and regulations governing the interests and obligations of veterans' pension recipients. The interpretation of the Veterans' Administration regulations by the Secretary of Health and Human Services is not entitled to deference.

■ Furthermore, the source of the Secretary's interpretation is not a regulation, but the Social Security Claims Manual. The Manual is not subject to the procedural protections inherent in the drafting of regulations. "It has no legal force, and it does not bind the SSA." *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). This court need not defer to an interpretative policy included in the Manual. We therefore turn to an examination of the pertinent benefit provisions.

## II

■ Whaley qualified as a benefit recipient under two provisions of the Social Security Act. He received $161.90 per month in retirement benefits pursuant to 42 U.S.C. § 402(a). In addition, he qualified for Supplemental Security Income under 42 U.S.C. § 1382. That statute provides supplemental benefits for qualified individuals who are aged, blind or disabled. The purpose of the program is to assure that recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. Because Whaley was unable to maintain his income at that minimal level, he received a monthly SSI benefit of $30.17 under § 1382.

42 U.S.C. § 1382e makes state government programs for income maintenance available to SSI recipients, and provides that these state benefits are not income affecting SSI eligibility. Under California's supplementary program, Whaley received food stamps, complete Medi-Cal coverage, and benefits under the Aid to Families with Dependent Children Program. Receipt of each of these supplements was entirely dependent upon Whaley's eligibility for SSI.

The final Social Security benefit provision affecting Whaley and his family was 42 U.S.C. § 402(d), pursuant to which his children received $97.60 per month. This amount was delivered to Whaley in a check payable to him and separate from that remitting his individual benefits. The source of the children's eligibility was their father's qualification for retirement benefits. The children's payments were for the purpose of their support and maintenance, and were thus not considered by the SSA as income to Whaley in determining his eligibility for SSI.

Whaley, as a veteran with a non-service-connected disability, qualified for a pension under 38 U.S.C. § 521. He received $103.93 per month under this provision. In addition, Whaley's children were eligible for benefits under section 521(c). As with payments to dependents under the Social Security Act, the source of their eligibility was their father's qualification for benefits. The monthly amount of the children's bene-

fit under the Veterans' Act was $51.11. It was combined with the benefit due Whaley and paid in one check payable to him.

 In calculating Whaley's eligibility for SSI, the Secretary correctly added to the $161.90 in personal benefits received by Whaley under the Social Security Act the personal veterans' benefits in the amount of $103.93 paid under the Veterans' Act. That portion of the calculation is specifically required under 42 U.S.C. § 1382a(a)(2)(B). However, the Secretary also counted as Whaley's income the $51.11 in benefits paid for the children under the Veterans' Act. That phase of the calculation was made without statutory support. We must reject it as a complete vitiation of the purpose supporting both of these statutes—the intent to help families like Whaley's to maintain minimally adequate income levels.

The Secretary justifies his method of calculation by the fact that the personal veterans' benefit of $103.93 and the children's benefits of $51.11 were both delivered to Whaley in one check payable to him. The Secretary contends that Whaley was not legally required to expend the children's benefits for the purpose for which they were given. On the other hand, the separate check which Whaley received from SSA of $95.60 made out to him for the children's benefits was not attributed to him, the Secretary contending that this $95.60 was not "actually available" to him. Both the Social Security children's benefits of $95.60 and the Veterans' Act children's benefits of $51.11 were clearly intended by Congress to be used for the children. Both are paid to the parent, and from a realistic standpoint, the good faith of the parent in applying them to their intended use is the crucial factor relied upon in both systems, whether the funds are delivered in one check or two. Under either system, it would be a fascinating exercise of bureaucratic folly to attempt to monitor the percentage of groceries consumed by the veteran and the children, the amount of heat, hot water or electricity used by each, or the percentage of space occupied by each. The SSA no more embarks upon this inquiry than does the Veterans' Administration.

We cannot view an administrative payment mechanism as decisive of congressional intent. Where the veteran and his dependents reside together, the Veterans' Administration has apparently determined that administrative efficiency is served by paying benefits in a single check. However, when an eligible dependent leaves the veteran's home, the statutes provide for apportionment of the child's share and payment directly to the child. 38 U.S.C. § 3107(b); 38 C.F.R. § 3.452 (1980). The Secretary concedes that when the child receives an apportioned share, those funds are not available to the veteran and thus are not income to the veteran.

Whether the benefits in question are sent by the Veterans' Administration to one address or to two, the amount is the same and is determined on the same basis. Despite the mechanism of delivery, the benefits serve the same congressional purpose. Their legal status and their relationship to the benefit scheme are not altered by the payment mechanism used to distribute them. The ability to apportion the benefit earmarks a portion of the payment to the veteran as a child's benefit. It evidences an intent that the eligible child shall receive the benefits allotted to him. These characteristics must be attributed to the benefits whether or not they are apportioned. The delivery of benefits in one check does not alter this intent.

We reject the contention that the absence of express sanctions for the veteran's personal use of his children's benefits make them available to him. The assumption that only legal controls prevent a parent from failing to provide for his children is unnatural and overly legalistic. It also ignores the fact that the benefit scheme itself contemplates the natural assumption of parental duties of support and care. The benefit structure is based upon dependency relationships and is focused upon the needs of the family. It depends upon the legal and moral responsibility of the parent toward the child and assumes the veteran's actions will be consistent with that responsibility.

The parent-child relationship is defined by the regulations in terms of responsibility for the child's support and a "legal right to exercise parental control and responsibility for the welfare and care of the child." 38 C.F.R. § 3.57(d)(1) (1980). The regulations also provide that in determining whether the veteran's income exceeds the limitations imposed by 38 U.S.C. § 521, an exclusion will be allowed for medical expenses incurred on behalf of those to whom the veteran has a "moral or legal obligation of support." 38 C.F.R. § 3.262(1)(1) (1980). *See also Sturgell v. Creasy,* 640 F.2d 843, 848 (6th Cir. 1981) (recognizing pension recipient's obligation to support his child.)

The frailty of the Secretary's argument is demonstrated by its practical application to Whaley. It is conceded that if Whaley had no dependents, his individual income would fall $30.17 per month short of the minimum adequate income level designated by Congress. If his income did not satisfy his own basic needs, and if the children's benefits were "legally available" to him, he would be compelled to apply the children's benefits to his own needs. That is, without the $30.17 benefit, Whaley would have to use a portion of his children's $51.11 benefit to subsist. Alternately, he could reclaim the $30.17 benefit necessary to his subsistence if he yielded custody of his children. If they no longer resided with him, the absence of their veterans' benefits would again entitle him to SSI. It is difficult to believe that Congress intended to encourage either the forced separation of the family or the veteran to use for his own subsistence funds that were intended for his children.

The proffered statutory interpretation threatens traditional family relationships and undermines the congressional commitment to aid needy veterans and their families. We therefore hold that the portion of increased pension benefits paid to a veteran for the support of his dependent children does not constitute income to the veteran for the purpose of computing his SSI benefits. The judgment of the district court is AFFIRMED.