995 F.2d 28
 61 USLW 2774, 41 Soc.Sec.Rep.Ser. 290
 Barbara KENNEDY, on behalf of herself and all others
similarly situated, Plaintiff-Appellee,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellant.
Barbara KENNEDY, on behalf of herself and all others
similarly situated, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 Nos. 92-2303, 92-2304.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 2, 1993.
Decided June 1, 1993.
 
 Jennifer Hay Zacks, argued (Stuart M. Gerson, Asst. Atty. Gen., William A. Kolibash, U.S. Atty. and William Kanter, on brief), Civ. Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellant.
 Gill Wylie Deford, Nat. Sr. Citizens Law Center, Los Angeles, CA, argued (Mary A. Kenney, North Cent. West Virginia Legal Aid Soc., Morgantown, WV, on brief), for plaintiff-appellee.
 Before HALL and LUTTIG, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 LUTTIG, Circuit Judge:
 
 
 1
 On behalf of herself and all others similarly situated, Barbara Kennedy brought this suit against the Secretary of the Department of Health and Human Services challenging Social Security Ruling 82-31, which treated as unearned income to her that portion of her husband's Veteran's Affairs benefit payment designated for her support, with the result that Kennedy's Supplemental Security Income benefits were reduced by that amount. The district court invalidated the ruling as violative of Title XVI of the Social Security Act. We conclude that the ruling constitutes a reasonable interpretation of that Act and therefore reverse.
 
 I.
 
 2
 Because the Supplemental Security Income ("SSI") program is intended merely to ensure subsistence, the amount of benefits paid under the program is inversely proportional to an eligible recipient's income. Generally, the amount of SSI benefits paid equals a periodically determined subsistence level of income, less a recipient's income from sources other than SSI. Among the types of other income that figure in this calculation is "unearned income," which Congress has defined to include "any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions...." 42 U.S.C. § 1382a(a)(2)(B) (emphasis added).
 
 
 3
 Kennedy's husband receives Veteran's Affairs benefits, comprising his base benefits plus an amount paid to him for the support of Kennedy, his dependent (the "augmented portion" or "augmentation"). The Secretary has determined that, for SSI purposes, the augmented portion of a veteran's benefits constitutes unearned income to the dependent on whose behalf they are paid. See Title XVI: SSI Treatment of Veterans Administration Payments to SSI Eligibles/Fiduciaries, 82-31 S.S.R. 291 (Cum.Ed.1982) [hereinafter SSR 82-31]. This determination was made in response to Whaley v. Schweiker, 663 F.2d 871 (9th Cir.1981), Tsosie v. Califano, 651 F.2d 719 (10th Cir.1981), and Webster v. Califano, No. 78-3492 (6th Cir. July 10, 1980), which invalidated the Secretary's then existing position that all VA benefits, including the augmented portions, constituted unearned income to the veteran for SSI purposes. Pursuant to SSR 82-31, the Social Security Administration informed Kennedy that her SSI benefits would be reduced in the amount of her husband's VA benefits augmentation.
 
 
 4
 An administrative law judge upheld the agency's determination, and Kennedy filed a class action in federal district court. After waiving the exhaustion requirement and equitably tolling the applicable statute of limitations, the district court certified a class of all persons similarly situated and residing in the Northern District of West Virginia and referred the matter to a magistrate-judge. 138 F.R.D. 484. The district court thereafter accepted the magistrate-judge's recommendation that SSR 82-31 was invalid because it counted as unearned income to SSI beneficiaries payments that they had never actually received, assertedly in violation of Title XVI of the Social Security Act. The district court entered summary judgment for Kennedy, and the Secretary appealed.[1]
 
 II.
 
 5
 The dispute between the parties, at bottom, is quite simple. The Secretary argues that although Kennedy might not actually receive the augmentation of her husband's VA benefits, she constructively receives that augmentation, and that constructively received VA payments constitute unearned income "received" within the meaning of section 1382a(a)(2)(B). Kennedy responds that section 1382a(a)(2)(B) requires that she actually receive the payments (or at a minimum that they be actually available to her) before they can be counted as unearned income to her. While we do not believe that the Secretary's construction is compelled by the statute's language, we believe that it represents a reasonable interpretation of an ambiguous provision.
 
 
 6
 We cannot conclude, as Kennedy would have us do, that the language of section 1382a(a)(2)(B) unambiguously evinces a congressional intent to count as unearned income for SSI purposes only those VA benefits actually received by the SSI beneficiary. As a general matter, "receipt" can reasonably be understood to include not only actual, but constructive receipt. See, e.g., United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir.1989) ("The firearm cases, as we read them, show that receipt may be actual or constructive."); Baxter v. Commissioner, 816 F.2d 493, 494-95 (9th Cir.1987) (constructive receipt of income under the Internal Revenue Code). Indeed, no fewer than five other courts of appeal have held that the term "received" in section 1382a(a)(2)(B) itself includes constructive receipt, see Martin v. Sullivan, 932 F.2d 1273, 1278 (9th Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991); Healea v. Bowen, 871 F.2d 48, 51 (7th Cir.1988); Szlosek v. Secretary of Health & Human Servs., 861 F.2d 13, 13 (1st Cir.1988); Robinson v. Bowen, 828 F.2d 71, 72 (2d Cir.1987); Lyon v. Bowen, 802 F.2d 794, 798 (5th Cir.1986).[2] Of course, when we are confronted with a statutory provision that is silent or ambiguous with respect to the specific issue at hand, we must defer to a reasonable interpretation of the agency charged with administering that law. See generally Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).[3]
 
 
 7
 The reasonableness of the Secretary's interpretation is underscored by the unreasonableness of Kennedy's purported actual receipt requirement. Kennedy argues that the Secretary should conduct a "case-by-case review of the availability of the augmentation to the dependent," conceding that "[i]n those situations where the veteran gives the augmentation to the dependent or spends it for food, clothing, or shelter on her behalf, the Secretary could evaluate it as income to the dependent." Appellee's Br. at 23.[4] It is manifestly reasonable for the Secretary to decline to assume such a burden, given that the allocation to any particular dependent presumably would change as the veteran's use of his benefit payments changes, and especially given that the veteran is obliged to spend the augmentation on the dependent on whose behalf he received the additional benefit. See, e.g., Paxton, 856 F.2d at 1358 ("[T]he SSI status of VA benefits should not depend on how each veteran handles his or her family finances."); see also Whaley, 663 F.2d at 874 ("[I]t would be a fascinating exercise of bureaucratic folly to attempt to monitor the percentage of groceries consumed by the veteran and the children, the amount of heat, hot water or electricity used by each, or the percentage of space occupied by each."). It would be a precarious, if any, response to this difficulty to argue that the Secretary could resort to standard percentages, for such an approach is ultimately no different from the Secretary's decision to allocate 100% of the augmented portion to the dependent--notably, the very allocation that Whaley suggests is proper.
 
 
 8
 The Secretary's position in SSR 82-31 finds further support in, though is not necessitated by, the judiciary's response to her earlier practice of counting as unearned income to a veteran the entire amount of his VA benefits, including the augmented portions, because the veteran actually received all the benefits in his own name. Reasoning that veterans were at least expected, if not legally bound, to spend the augmented portions of their benefits on behalf of the dependents for whom they received the funds, the courts in Whaley, Tsosie, and Webster held, in decisions that the Secretary did not further challenge, that the augmented portions could not be counted as unearned income to the veteran for SSI purposes. The Secretary argues that if she were not to count the augmented portion as unearned income to Kennedy, she would not be able to count it as unearned income to anyone, a result flatly at odds with section 1382a(a)(2)(B), which requires that she count as unearned income all "payments received ..., including veterans' compensation and pensions." While those adverse rulings do not, as a matter of law (and certainly not in this circuit), compel the interpretation that the Secretary advances, see infra note 6, they do serve as further evidence of the reasonableness of that interpretation.
 
 
 9
 We recognize that our holding in this case is in conflict with that of the Ninth Circuit in Paxton, in which the court concluded that SSR 82-31 was "inconsistent with the SSI regulations." 856 F.2d at 1359.[5] We simply disagree with Paxton. None of the three regulatory provisions characterized by that court as inconsistent with the Secretary's position in SSR 82-31 is in fact inconsistent with that rule. For instance, that unearned income in the form of periodic payments is "usually related to prior work," 20 C.F.R. § 416.1121(a) (emphasis added), does not mean that such payments need always be so related to constitute income. Further, SSR 82-31 does not, at least for the reason articulated by the Paxton court, "flatly contradict[ ]" 20 C.F.R. § 416.1103(g), a section describing "what is not income." See Paxton, 856 F.2d at 1358-59. Paxton is less than clear as to why SSR 82-31 conflicts with that section. The court apparently believed, however, that under section 416.1103(g), a veteran's augmentation can be considered income to the dependent only if the dependent actually receives the augmentation or, under certain circumstances, actually receives for her exclusive use essentials that were purchased with the augmentation. Id. at 1358 (augmentation was not income to dependent because veteran did not "give [dependent] a portion of his VA check" and it was used "to support the entire family"). Whether or not this is correct, it is irrelevant to whether the Secretary's interpretation is permissible. The Secretary does not maintain that Kennedy actually received either cash or in-kind income; she maintains that Kennedy constructively received income. Section 416.1103(g)--at least as construed by the Paxton court--simply does not address constructive receipt of income.
 
 
 10
 Finally, as even Kennedy's counsel stridently argued, it is also irrelevant that the Secretary might be unable to "deem" as income to the dependent the augmented portion of the veteran's benefits. See 20 C.F.R. §§ 416.1160-416.1169 (explaining the deeming rules). Whether the augmentation could be deemed income to Kennedy has nothing whatever to do with whether it could reasonably be considered constructively received by her. "Deeming" and the ascription of constructively received benefits to income are two wholly separate and independent forms of income attribution.
 
 
 11
 It is apparent to us that underlying Paxton was that court's belief that VA augmentation payments should not in any way affect SSI benefits. Because of this belief, that court strained to find, where none existed, a conflict between SSR 82-31 and the SSI regulations, so as to avoid imputation of the veteran's augmentation to his dependent. This same belief also forced it to reject for specious reasons the Secretary's argument that after Whaley the augmented portion of a veteran's benefit payment must be considered income to the dependent, lest the Secretary be in violation of the statutory requirement that all such payments be considered income to someone. See id. at 1357 ("If all payments received by a family had to be considered income to someone under the SSI regulations, we might be inclined to agree with the Secretary[ ]" that Whaley dictates counting augmentations as unearned income to dependents.). The court properly concluded, based upon the fact that thirteen types of unearned income are not counted by the Secretary for SSI purposes, that "the calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits." Id. This conclusion, however, was immaterial to the Secretary's argument. Although neither the statute nor the regulations require that "all forms of public assistance" be allocated to someone for SSI purposes, the statute specifically does require this of VA benefits.[6]
 
 CONCLUSION
 
 12
 We conclude for the reasons stated that the Secretary's decision for SSI purposes to count the augmented portion of VA benefits as unearned income of the dependent on whose behalf it was paid is manifestly reasonable. As we must defer to the Secretary's reasonable interpretation of the statute she administers, the judgment of the district court is reversed.
 
 
 13
 REVERSED.
 
 
 
 [1]
 Kennedy cross-appealed the district court's refusal to certify a class of all persons similarly situated and residing in the Fourth Circuit. Because of our disposition of the Secretary's appeal, we need not address this issue
 
 
 [2]
 The magistrate-judge criticized the rationale of these cases and relied instead on Cervantez v. Sullivan, 719 F.Supp. 899 (E.D.Cal.1989), a decision which was subsequently reversed by the Ninth Circuit, 963 F.2d 229 (9th Cir.1992) (Claimant had "received" funds garnished under state law.). See J.A. at 52
 
 
 [3]
 Though the interpretive ruling at issue here does not itself have the force and effect of law or regulation, it is nonetheless entitled to deference as the Secretary's interpretation of a statute she is charged with administering. See, e.g., Wagner Seed Co. v. Bush, 946 F.2d 918, 922 (D.C.Cir.1991) ("[I]t simply is not the law of this circuit that an interpretive regulation does not receive the Chevron deference accorded a legislative regulation."), cert. denied, --- U.S. ----, 112 S.Ct. 1584, 118 L.Ed.2d 304 (1992); Mowbray v. Kozlowski, 914 F.2d 593, 598 (4th Cir.1990); Paxton v. Secretary of Health & Human Servs., 856 F.2d 1352, 1356 (9th Cir.1988) (court will defer to interpretive ruling unless plainly erroneous or inconsistent with regulations); see also Monongahela Power Co. v. Reilly, 980 F.2d 272, 279 (4th Cir.1992) (Agency position need not be incorporated into final regulations to warrant deference.)
 Nor is it significant that SSR 82-31 represents a change in the agency's interpretation of § 1382a(a)(2)(B), given that the position taken in the ruling is a reasonable one. See Hicks v. Cantrell, 803 F.2d 789, 793-94 (4th Cir.1986) ("[A]lthough the Secretary may have varied his interpretation of [the statute] a number of times, we must accord his interpretation deference so long as that interpretation is reasonable."). Moreover, even assuming that there must have been good reason for the change, the adverse rulings in Whaley and Tsosie provide such a reason.
 
 
 [4]
 Of course, this concession belies Kennedy's insistence on an actual receipt rule, because where the veteran spends the augmentation on food, clothing, or shelter for his dependent, the dependent never actually receives the augmentation
 
 
 [5]
 The Secretary suggests that the Ninth Circuit would have reached a different result had the Secretary originally incorporated her interpretation of § 1382a(a)(2)(B) into a regulation rather than an interpretive ruling. See Appellant's Reply Br. at 7. Given the asserted reasoning of the court in Paxton, this may well be true. To the extent this is the case, our difference with Paxton centers less on the merits of the Secretary's interpretation than on the deference we afford that interpretation. See supra note 3
 
 
 [6]
 This is not to say that the Secretary's syllogistic argument is necessarily compelling. To the extent that the statute requires that all augmentations be counted as income to someone, but would prohibit them from being counted as income to either veterans or dependents, it simply might not be enforceable as written