**June RYDER, Plaintiff–Appellee,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Defendant–Appellant.**

**No. 92–1390.**

United States Court of Appeals, Tenth Circuit.

June 2, 1994.

Ralph Ogden of Wilcox & Ogden, P.C., Denver, (Steven U. Mullens of Steven U. Mullens, P.C., Colorado Springs, with him on the brief), for plaintiff-appellee.

Jennifer H. Zacks (Stuart E. Schiffer, Acting Asst. Atty. Gen., James R. Allison, U.S. Atty., and William Kanter, with her on the brief), Attys., Appellate Staff, Dept. of Justice, Washington, DC, for defendant-appellant.

Before MOORE, Circuit Judge, and McWILLIAMS, Senior Circuit Judge, and COOK, Senior District Judge.*

McWILLIAMS, Senior Circuit Judge.

In this case we are called upon to decide the validity of *Title XVI: SSI Treatment of Veterans Administration Payments to SSI*

---

* Honorable H. Dale Cook, Senior District Judge, for the Northern District of Oklahoma, sitting by designation.

*Eligibles/Fiduciaries,* a ruling by the Social Security Administration ("SSA"), which reads, in pertinent parts, as follows:

> Effective November 1981, SSA policy provides that the additional (augmented) portion of a VA benefit when included in the VA payment to the designated beneficiary is not income to that individual. The additional (augmented) portion is income to the dependent.
>
>  . . . .
>
> **POLICY STATEMENT:** 1. VA payments, *excluding* those augmented portions which are payable because of dependents, are income to the designated beneficiary for the purposes of determining eligibility and payment amount under the SSI program. The augmented portion is unearned income to the dependent.

82–31 S.S.R. 291, 292 (Cum.Ed.1982) (hereinafter referred to as SSR 82–31).

The district court held that SSR 82–31 (a ruling, as distinguished from a regulation) was invalid because it was in conflict with various Supplemental Security Income ("SSI") regulations. *Ryder v. Sullivan,* 804 F.Supp. 1365 (D.Colo.1992). In thus concluding, the district court relied heavily on *Paxton v. Secretary of Health & Human Servs.,* 856 F.2d 1352 (9th Cir.1988), the district judge stating: "I agree with the ninth circuit's decision." *Ryder,* 804 F.Supp. at 1368. The Secretary appeals. We reverse. The background facts are not in dispute, and a brief recital thereof will place the single issue here involved in focus.

June Ryder, the plaintiff in the district court, is a 41-year old woman who has been disabled since birth because of cerebral palsy. Because she has no income, she has been eligible for monthly SSI payments since at least 1981, and has been receiving monthly SSI benefits for at least that period of time.

June Ryder is married to Robert Ryder, and the two of them live in the same household. Robert Ryder is totally disabled from a diabetic condition. Robert Ryder is a veteran and because of his disability receives a monthly Veterans Administration ("VA") pension. Specifically, Robert Ryder receives a monthly check, payable to him only, from the VA in a total amount of $864. Of that amount, $564 represents Robert Ryder's so-called base amount. In addition, Robert Ryder receives each month an additional $125 because he is housebound, and an additional $175 per month because he has a "dependent," namely, his wife, June, with whom he lives. Combining these amounts, we arrive at a total VA payment to Robert Ryder of $864 per month.

We are here concerned with the $175 payment to Robert Ryder because of his marriage to June Ryder, a dependent, such amount being referred to as the "augmented portion" of his total payment of $864.00 per month. Prior to 1981, the Secretary by an interpretive ruling had counted the "augmented portion" of a veteran's pension as unearned income to the beneficiary, in our case Robert Ryder, when determining his eligibility for SSI benefits.

As the result of decisions by several Circuit Courts of Appeal holding that the "augmented portion" of a beneficiary's VA pension resulting from the fact that the beneficiary had dependents did not constitute "unearned income" to the beneficiary, the Secretary changed its policy.[1] In 1981 the Secretary issued SSR 82–31, set forth above, which, when applied to the instant case, meant that the "augmented portion" of Robert Ryder's monthly VA pension, namely $175, was no longer his "unearned income," but rather constituted "unearned income" to his wife, June.

Because of his VA pension, even when excluding the "augmented portion" thereof, Robert Ryder is not eligible for SSI benefits. However, when the "augmented portion" of Robert Ryder's VA pension is counted as "unearned income" to June Ryder, the latter's monthly SSI benefit is reduced accordingly, and therein lies the present controversy.

June Ryder challenged administratively the diminution of her monthly SSI benefit.

---

**1.** See *Whaley v. Schweiker,* 663 F.2d 871 (9th Cir.1981) and *Tsosie v. Califano,* 651 F.2d 719 (10th Cir.1981). We are advised that in an unpublished opinion, the Sixth Circuit, in *Webster v. Califano,* No. 78–3492 (6th Cir. July 10, 1980), held to the same effect as *Whaley* and *Tsosie.*

The ALJ ruled in her favor, but on appeal the Appeals Council upheld the validity of SSR 82–31.[2]

June Ryder then instituted the present proceeding in the United States District Court for the District of Colorado. The district court agreed with June Ryder and accordingly reversed the Appeals Council and remanded the matter for payment to June Ryder of SSI benefits which would be calculated on the basis that the "augmented portion" of Robert Ryder's monthly VA pension did *not* constitute "unearned income" to June Ryder. The basis for the holding of the district court was that SSR 82–31 was in conflict with several SSI regulations, which take precedence over a ruling. As indicated, in thus holding, the district court relied on *Paxton v. Secretary*, 856 F.2d 1352 (9th Cir. 1988), which had held that SSR 82–31 was in conflict with several SSI regulations.

Subsequent to the district court's disposition of the present matter, two other circuits considered the precise question here presented, and held that SSR 82–31 is valid. *See White v. Shalala*, 7 F.3d 296 (2nd Cir.1993), and *Kennedy v. Shalala*, 995 F.2d 28 (4th Cir.1993). In each case the court rejected the reasoning of *Paxton*, and held that SSR 82–31 was not in conflict with the SSI regulations perceived by the Ninth Circuit as being inconsistent with SSR 82–31. Our view of this particular matter matches that of the Second and Fourth Circuits, and we, too, decline to follow *Paxton*. Based on the rationale of *White* and *Kennedy*, we also fail to see any real conflict between SSR 82–31 and the SSI regulations relied on by counsel as being in conflict with SSR 82–31. In this connection, the Fourth Circuit in *Kennedy* spoke as follows:

> We recognize that our holding in this case is in conflict with that of the Ninth Circuit in *Paxton*, in which the court concluded that SSR 82–31 was "inconsistent with the SSI regulations." 856 F.2d at 1359. We simply disagree with *Paxton*. None of the three regulatory provisions characterized by that court as inconsistent with the Secretary's position in SSR 82–31 is in fact inconsistent with that rule.
>
> . . . .
>
> It is apparent to us that underlying *Paxton* was that court's belief that VA augmentation payments should not in any way affect SSI benefits. Because of this belief, that court strained to find, where none existed, a conflict between SSR 82–31 and the SSI regulations, so as to avoid imputation of the veteran's augmentation to his dependent.

*Kennedy*, 995 F.2d at 31–2 (footnote omitted).

In this Court, counsel's principal argument is that SSR 82–31 is invalid because it is in conflict with 42 U.S.C. § 1382a(a)(2)(B) (1988).[3] That statute reads as follows:

> § 1382a. **Income; earned and unearned income defined; exclusions from income**
>
> (a) For purposes of this subchapter, income means both earned income and unearned income;
>
> . . . .
>
> (2) *unearned income means* all other income, including—
>
> . . . .
>
> (B) *any payments received* as an annuity, pension, retirement, or disability benefit, *including veterans' compensation and pensions*, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annu-

---

**2.** At the hearing before the Administrative Law Judge the evidence showed that as of the date of the hearing Robert Ryder received a monthly VA pension of $864 and that June Ryder received an SSI benefit in the amount of $152.20, making a total of $1,016.20. There was evidence that of that amount, $861.95 was expended for house and car payments, and the balance, $154.25, went for food, clothing, insurance, laundry and other miscellaneous items. Robert Ryder testified that because of his wife's ailment, he did the family bookkeeping.

**3.** The district court did not consider the question of whether SSR 82–31 was in conflict with 42 U.S.C. § 1382a(a)(2)(B), nor did the Ninth Circuit in *Paxton*.

ities and pensions, and unemployment insurance benefits;

42 U.S.C. § 1382a(a)(2)(B) (emphasis added).

Counsel argues that under the foregoing statute the "augmented portion" of Robert Ryder's VA pension does not constitute "unearned income" to June Ryder because she never "received" the "augmented portion." Counsel argues that the word "received," as used in the statute, means "actually received," and does not include constructive receipt. This same argument was considered and rejected in both *White*, 7 F.3d at 302, and *Kennedy*, 995 F.2d at 29–30.

The Second Circuit in *White*, after considering the language of 42 U.S.C. § 1382a(a)(2)(B), and the Congressional intent behind it, held that SSR 82–31 was not inconsistent with 42 U.S.C. § 1382a(a)(2)(B). In so holding, the Second Circuit spoke as follows:

> Accordingly, we hold that the augmented portion of the veteran's benefits can be construed as a "payment[] received as a ... veterans' compensation and pension," and SSR 82–31 is a reasonable interpretation of 42 U.S.C. § 1382a(a)(2)(B). Our holding is consistent with the Fourth Circuit's holding in *Kennedy v. Shalala*, 995 F.2d 28 (4th Cir.1993), but contrary to the Ninth Circuit's holding in *Paxton v. Secretary of Health & Human Services*, 856 F.2d 1358 (9th Cir.1988). The Ninth Circuit held that because the augmented portion is not payable to the dependant, it is inappropriate to reduce the dependant's SSI benefits. 856 F.2d 1352, 1358. In *Kennedy*, the Fourth Circuit held that "as a general matter, 'receipt' can reasonably be understood to include not only actual, but constructive receipt." 995 F.2d at 29–30.
>
> Our interpretation and that of the Fourth Circuit is supported by Congress's mandate that SSI "pay people only to the extent that their needs are not met from other sources, including ... payments by other agencies," H.R.Rep. No. 231, 92nd

Cong., 2d Sess. 149–50 (1971), *reprinted in* 1972 U.S.C.C.A.N. (86 Stat.) 4989, 5135–5136, and that the Secretary count as income "any payment received as an annuity, pension, retirement or disability benefit, including veteran's compensation and pensions," 42 U.S.C. § 1382a(a)(2)(B). While, as the Ninth Circuit held in *Paxton*, "[t]he calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits," 856 F.2d at 1357, Congress explicitly intended to include this particular form of public assistance as income.

*White v. Shalala*, 7 F.3d 296, 302 (2nd Cir. 1993).

Again, we choose to follow the Second and Fourth Circuits and we accordingly conclude that SSR 82–31 is not invalid because it conflicts with 42 U.S.C. § 1382a(a)(2)(B). Like the Second Circuit in *White*, we believe that "SSR 82–31 is a reasonable interpretation of § 1382a(a)." *Id.*[4] Since the Secretary's interpretation of the statute is reasonable, and not inconsistent with the Social Security Act, it is entitled to deference. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir.1993).

The judgment of the district court is reversed and the case is remanded with directions that the district court enter judgment affirming the Appeals Council.

---

**4.** In *Kennedy*, the Fourth Circuit rejected the suggestion that the Secretary should conduct " 'a case-by-case review of the availability of the augmentation to the dependent,' " *Kennedy v. Shalala*, 995 F.2d 28, 30 (4th Cir.1993) (quoting Appellee's Brief), and stated that "[a]s a general matter, 'receipt' can reasonably be understood to include not only actual, but constructive receipt." *Id.* at 29–30.