Bernice INMAN, on behalf of herself
and all others similarly situated,
Plaintiff–Appellee,

v.

Donna E. SHALALA, Secretary of
Health and Human Services,
Defendant–Appellant.

Nos. 93–2305, 93–2941.

United States Court of Appeals,
Seventh Circuit.

Argued March 9, 1994.

Decided July 19, 1994.

Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, IN, Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, IN (argued), Gil Deford, Kim Savage, Nat. Sr. Citizens Law Center, Los Angeles, CA, for plaintiff-appellee.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, IN, William Kanter, Jennifer H. Zacks (argued), Dept. of Justice, Civ. Div., Appellate Section, Washington, DC, John M. Sacchetti, Claire S. Hoffman, Dept. of Health & Human Services, Office of Gen. Counsel, Baltimore, MD, for defendant-appellant.

Before PELL, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Bernice Inman is a veteran's wife whose Supplemental Security Income (SSI) benefits were reduced because of Social Security Ruling 82-31. That ruling deemed the portions of veterans' benefits earmarked for dependents to be their unearned income for the purpose of calculating SSI benefits. Inman filed a class action lawsuit on behalf of herself and all similarly situated dependents against the Secretary of the Department of Health and Human Services, challenging 82-31. The district court granted summary judgment for Inman, determining that 82-31 was not a valid interpretation of 42 U.S.C. § 1382a(a)(2)(B). We reverse.

## I. Background

This case concerns the interrelationship between veterans' benefits and SSI benefits. To understand the current dispute, it would be helpful to first review a brief history of the broader conflict.

In 1972, Congress created the SSI program to guarantee a minimum subsistence income level for aged, blind, and disabled persons. 42 U.S.C. §§ 1381–1383d; *Schwieker v. Wilson*, 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981). As the name (Supplemental Security Income) implies, SSI benefits are meant to supplement other sources of income. Congress designates a minimum subsistence income level, and a qualifying person whose income falls below that level can receive checks from the federal government to make up the difference. *See Kennedy v. Shalala*, 995 F.2d 28, 29 (4th Cir.1993) ("[g]enerally, the amount of SSI benefits paid equals a periodically determined subsistence level of income, less a recipient's income from sources other than SSI.").

A person's income, therefore, is the essential variable in determining whether he is entitled to SSI benefits, and if so, how much. *See* 20 C.F.R. § 416.1100 ("the amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit."). The regulations generally define income as "anything you can use to meet your needs for food, clothing, or shelter." 20 C.F.R. § 416.1102. The statute separates income into two categories: "earned income," which includes wages and the like, 42 U.S.C. § 1382a(a)(1);

and "unearned income," which includes "any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions...." 42 U.S.C. § 1382a(a)(2)(B).

Veterans' benefits received by a veteran for his benefit are clearly considered unearned income under the statute. But a problem arises when a veteran receives increased veterans' benefits to support dependents. *See* 38 U.S.C. § 1521. Originally, the Social Security Administration considered these increased benefits as the veteran's unearned income for the purpose of calculating SSI. But in *Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981), the Ninth Circuit concluded that this interpretation was contrary to the legislative purpose underlying SSI, which the court broadly construed as "the intent to help families like Whaley's to maintain minimally adequate income levels." 663 F.2d at 874. The court was not persuaded by the facts that "the personal veterans' benefit ... and the children's benefits were both delivered to Whaley in one check payable to him" and "Whaley was not legally required to expend the children's benefits for the purpose for which they were given." *Id.* The court simply found it fundamentally unfair to count the portion of the check earmarked for dependents as Whaley's unearned income.

In response to *Whaley*, the Secretary promulgated a new interpretation: if the dependent portion could not be counted as unearned income for the veteran, then it should be counted against the dependent. *See Title XVI: SSI Treatments of Veterans Administration Payments to SSI Eligibles/Fiduciaries*, 82–31 S.S.R. 291 (Cum.Ed.1982) (previously and hereafter referred to as Social Security ruling 82–31 or just 82–31). So, for instance, if a veteran was receiving veterans' benefits, a portion of which were earmarked for his wife, who was receiving SSI benefits, then the Social Security Administration would count the earmarked portion as unearned income for the wife, thereby reducing her SSI benefits. Those are exactly the facts the Ninth Circuit faced in *Paxton v. Secretary*, 856 F.2d 1352 (9th Cir.1988). But the court determined that 82–31, like its predecessor, violated the statutory scheme, ruling

that the veterans' benefits could not be counted as unearned income for the wife under 42 U.S.C. § 1382a(a)(2)(B). This, combined with the court's previous decision in *Whaley*, meant that the veterans' payments, which were going to the veteran or his dependent, could not be assessed against either. The court explained away this oddity: "The calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits." *Paxton*, 856 F.2d at 1357.

The Social Security Administration disagreed and did not change its interpretation in response to the court's decision. In various jurisdictions the Secretary has been litigating the issue addressed in *Paxton*. So far, in addition to the Ninth Circuit, three circuits have determined whether veterans' benefits earmarked for dependents can be counted as the dependent's unearned income when calculating SSI. The Fourth Circuit, the Second Circuit, and the Tenth Circuit have all deferred to the Secretary's interpretation in 82–31, and in doing so, have sharply disagreed with *Paxton*. *Kennedy v. Shalala*, 995 F.2d 28 (4th Cir.1993); *White v. Shalala*, 7 F.3d 296 (2d Cir.1993); *Ryder v. Shalala*, 25 F.3d 944 (10th Cir.1994).

The case now before us is very similar to *Paxton, Kennedy, White*, and *Ryder*. Bernice Inman has received SSI benefits since July, 1986. Her husband receives veterans' benefits, a portion of which are supposed to be used for Bernice's support. Bernice filed a class-action lawsuit challenging the Secretary's interpretation contained in 82–31. Generally, Bernice asserted that the portion of her husband's veterans' benefits intended for her support should not be counted as her unearned income when calculating SSI. The district court, ruling without the benefit of *Kennedy, White*, and *Ryder*—which had not yet been decided—applied *Paxton*, and determined 82–31 to be invalid. The Secretary has appealed.

## II.  Analysis

■  Essentially, 82–31 is a Social Security Administration ruling which interprets how

veterans' benefits intended for dependents should be appraised under 42 U.S.C. § 1382a(a)(2)(B). A court reviewing an agency's interpretation of a statute must first look to the statute in question: if the statute addresses the precise question at issue and its meaning is clear, the text controls. *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). But if "the court determines Congress has not directly addressed the precise question at issue," then "the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2781–82. This analytic framework raises two questions in this case. First, does 42 U.S.C. § 1382a(a)(2)(B) specifically address whether portions of veterans' benefits earmarked for dependents should be counted as their "unearned income" for SSI purposes? And second, if a statute does not specifically address the issue, then is 82–31 a permissible interpretation of the statute?

■ 42 U.S.C. § 1382a(a)(2)(B) defines unearned income for SSI purposes as "any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and benefits...." This definition addresses veterans' benefits, but only in the most general terms. It does not specifically address how these benefits should be regarded when they are apportioned between the veteran and his dependents. All circuits which have considered this issue so far have determined, either explicitly or implicitly, that § 1382a(a)(2)(B) does not specifically address this issue; indeed no circuit has purported to apply the plain meaning of § 1382a(a)(2)(B) to resolve this question. *See Ryder*, 25 F.3d at 946; *White*, 7 F.3d at 302; *Kennedy*, 995 F.2d at 29–30; *Paxton*, 856 F.2d at 1358; *see also Whaley*, 663 F.2d at 874. We agree that the statute does not specifically address the precise question of how to ascribe the dependent's portion. And because the Social Security Administration has interpreted the statute in 82–31, we cannot "simply impose our own construction on the statute, as would be necessary in the absence of administrative interpretation." *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2782. We are left, therefore, to

determine whether 82–31 is a permissible interpretation of the statute.

■ Bernice argues that 82–31 is not a permissible interpretation of the statute, at least as applied to her and the other class members. The statute states "any payments received ..." and because class members do not directly receive the designated portion of the veteran's benefit, they claim they should not be debited as if they did. This argument would have appeal if we were simply engaging in statutory interpretation; but we are beyond that point because the statute is not specific. At this juncture we are not permitted to "impose our own construction on the statute...." *Id.* The law gives the task of statutory interpretation to the agency administering the statute, at least when the statute does not address the specific question. We agree with the Second, Fourth, and Tenth Circuits, that 82–31 is a permissible interpretation. The Veterans Administration intends the earmarked portion to be for the benefit of the dependent, and because of this, it is permissible to consider that portion to be unearned income constructively received by the dependent. *See Kennedy*, 995 F.2d at 29–30 ("as a general matter, 'receipt' can reasonably be understood to include not only actual, but constructive receipt."); *see also White*, 7 F.3d at 302, and *Ryder*, 25 F.3d at 946.

Moreover, in a related decision, we have previously ruled that the term "received" does not require actual receipt when calculating "unearned income" under 42 U.S.C. § 1382a(a)(2)(B). *Healea v. Bowen*, 871 F.2d 48, 51 (7th Cir.1988). The highly technical question presented in *Healea* was whether payments withheld from a widow's insurance benefits to compensate for previous overpayment could be counted as her "unearned income" for SSI purposes, even though the widow obviously did not receive the withheld amounts. The Secretary contended that actual receipt of the widow's benefits was not necessary under § 1382a(a)(2)(B), but we did not defer to that interpretation. Instead, we independently reached the same conclusion, that "Congress did not intend 'receive' to mean actual receipt" in § 1382a(a)(2)(B).

844

Given our conclusion in *Healea*—that constructive receipt is enough under § 1382a(a)(2)(B)—we would be hard-pressed to say the same conclusion, which the Secretary reached in a different context in this case, is not a permissible interpretation.

 Bernice urges us not to defer to the Secretary in this case, for the same reason that we did not defer to the Secretary in *Healea:* that the ruling under consideration conflicts with an earlier ruling by the Secretary. *See Healea,* 871 F.2d at 50. True, 82–31 conflicts with the Secretary's pre-*Whaley* interpretation. But, as the Supreme Court has held, deference is still appropriate if the agency had good reason to change its interpretation. *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 355–56, 109 S.Ct. 1835, 1848–49, 104 L.Ed.2d 351 (1989). Unlike the situation in *Healea,* the record in this case presents a very good reason for the changed interpretation. The Secretary changed the interpretation in response to *Whaley,* which deemed the first interpretation to be invalid. As in *Methow Valley,* the change "came after the prior regulation had been subjected to considerable criticism. . . ." 490 U.S. at 356, 109 S.Ct. at 1849. Therefore, even though it represents a change, we nevertheless give 82–31 deference. *See also White,* 7 F.3d at 300.

 Bernice gives one other reason that we should not defer to the interpretation contained in 82–31. She argues that it concerns a veterans' benefit program, which is not in the Secretary's area of expertise. But that simply is not the case. Ruling 82–31 interprets the meaning of "unearned income" for the purposes. of 42 U.S.C. § 1382a(a)(2)(B), which concerns SSI benefits. Therefore, 82–31 involves an area over which the Secretary has authority. *Accord, White,* 7 F.3d 296; *Kennedy,* 995 F.2d 28; *Ryder,* 25 F.3d 944.

### III. Conclusion

The district court erred in granting summary judgment for the plaintiff class. The weight of authority compels the conclusion

that 82–31 was a permissible interpretation of 42 U.S.C. § 1382a(a)(2)(B). Therefore, we defer to the Secretary's interpretation found in 82–31. We reverse the grant of summary judgment, and remand to the district court with instructions to grant summary judgment for the Secretary.[1]

REVERSED AND REMANDED with instructions to grant summary judgment.

---

1. To the extent any issues remain regarding the propriety of the district court's class certification, this decision moots those issues. Whether or not

a class exists is no longer important. The plaintiffs, whoever they are, can recover nothing by this action.