37 F.3d 1466
 45 Soc.Sec.Rep.Ser. 726
 Olean F. FAIR, individually and on behalf of others
similarly situated, Dixie Foster, Plaintiffs-Appellees,
v.
Donna SHALALA, Defendant-Appellant.
Dixie FOSTER, Plaintiff-Appellee,
v.
Donna SHALALA, Secretary, Department of Health & Human
Services of the United States, Defendant-Appellant.
 No. 93-3329.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 14, 1994.
 
 Jennifer H. Zacks, Dept. of Justice, Washington, DC, for appellant.
 Nancey G. Penner, Suzanne Harris, Florida Rural Legal Services, Inc., Lakeland, FL, Sarah H. Bohr, Jacksonville Area Legal Aid, Inc., Jacksonville, FL, for appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before HATCHETT and BLACK, Circuit Judges, and YOUNG*, Senior District Judge.
 BLACK, Circuit Judge:
 
 
 1
 Defendant-Appellant, Donna Shalala, Secretary, Department of Health and Human Services (Secretary), appeals the district court's order granting summary judgment in favor of the plaintiff class, declaring Social Security Ruling 82-31 (SSR 82-31) a violation of the Social Security Act, and enjoining application of SSR 82-31 to the plaintiff class.[1] SSR 82-31 expresses the Secretary's determination that Veteran's Administration (VA) benefits paid to a veteran for the support of a dependent living with the veteran will be treated as unearned income to the dependent for purposes of determining the dependent's eligibility for and amount of Supplemental Security Income (SSI) benefits. The district court found that the Secretary's interpretation, as stated in SSR 82-31, was not entitled to deference and was inconsistent with the statute and regulations. The Secretary asserts that her interpretation is entitled to deference because it is reasonable and is consistent with the language of the statute, the legislative history of the statute, and the governing precedent of several circuits. We agree that the Secretary's interpretation is entitled to deference and therefore we reverse.
 
 I. BACKGROUND
 
 2
 The Secretary provides benefits to eligible aged, blind, and disabled individuals through the SSI program. 42 U.S.C. Sec. 1381a. The SSI program, however, is intended to provide only a subsistence level income. If the potential recipient has other sources of income, the SSI benefits are provided as a supplement to bring the individual's monthly income up to the statutorily defined amount. A potential SSI recipient who has other sources of income must deduct the other income from the SSI statutory base amount to determine both eligibility for and the amount of SSI benefits. 42 U.S.C. Secs. 1382, 1382a.
 
 
 3
 The VA provides benefits to disabled veterans in the form of statutorily mandated monthly payments. The payment to a disabled veteran who is "living with or reasonably contributing to the support of" a dependent may be augmented to provide for the support of the dependent (the augmented portion). 38 U.S.C. Sec. 1521(c).
 
 
 4
 Prior to November 1981, the Secretary considered all VA benefits, including any augmented portion, as unearned income to the veteran and counted the benefits in determining the veteran's eligibility for and amount of SSI. This interpretation was challenged in the courts and several circuit courts found that the augmented portion was not income to the veteran and could not be counted in determining the veteran's eligibility for SSI. See, e.g., Whaley v. Schweiker, 663 F.2d 871 (9th Cir.1981); Tsosie v. Califano, 651 F.2d 719 (10th Cir.1981). In response to the circuit court decisions, the Secretary adopted a new policy--the augmented portion would be considered unearned income to the dependent for SSI purposes and would be counted in determining the dependent's eligibility for SSI. The new policy was issued in the form of an interpretive ruling, SSR 82-31, and has been proposed as a new regulation.
 
 
 5
 Plaintiff class representative Olean Fair began receiving SSI benefits in 1986. In 1989, the Social Security Administration notified Fair that she had been overpaid because she had failed to include the augmented portion of her husband's VA benefits in her income. Fair challenged the decision in the district court, which referred the case to a magistrate judge. Fair was certified as the class representative for "all [SSI] recipients residing in the territorial jurisdiction of the Eleventh Circuit whose benefits have been or will be reduced or terminated because their spouses' need based [VA] disability pensions include an augmented portion." Fair v. Sullivan, No. 90-1263-CIV-T-22A (M.D.Fla. Oct. 13, 1992).
 
 
 6
 The plaintiff class filed a motion for summary judgment asking the court to find that SSR 82-31 is void and that the augmented portion of VA benefits is not countable income to the dependent in determining the dependent's SSI benefits. In response, the Secretary asked the court to deny the motion for summary judgment and to affirm the Secretary's determination that the augmented portion is countable to the dependent. The magistrate judge determined that SSR 82-31 was "inconsistent and not in accordance with the law." The district court adopted the magistrate judge's report and recommendation, declared SSR 82-31 a violation of the Social Security Act, and enjoined the Secretary from applying SSR 82-31 to any member of the plaintiff class. The Secretary's motion for reconsideration was denied and the Secretary filed this appeal.
 
 II. ANALYSIS
 
 7
 At the time the district court entered its order, only two circuit courts had addressed the validity of SSR 82-31. The Ninth Circuit determined that the Secretary's interpretation was not required by the decision in Whaley, was not consistent with SSI regulations, and was not entitled to deference. Paxton v. Secretary of Health and Human Services, 856 F.2d 1352, 1356-57 (9th Cir.1988). The Secretary had argued, in Paxton, that the interpretation in SSR 82-31 was required by the court's determination, in Whaley, that the augmented portion could not count as income to the veteran. Id. The Ninth Circuit, however, determined that "the Secretary's logical deduction from our holding in Whaley is flawed [because] [t]he calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits." Id. The Ninth Circuit held that SSR 82-31 was "not in accordance with law" and was not valid. Id. at 1359 (citations omitted).
 
 
 8
 The Fourth Circuit, on the other hand, held that the Secretary's interpretation was entitled to deference because, while not "compelled by the statute's language, ... it represents a reasonable interpretation of an ambiguous provision." Kennedy v. Shalala, 995 F.2d 28, 29 (4th Cir.1993). The court determined that the Secretary reasonably interpreted the augmented portion as "constructively received" by the dependent. Id. at 29-30. The court further found that SSR 82-31 was supported by "the judiciary's response to [the Secretary's] earlier practice," id. at 31 (referring to the decisions in Whaley and Tsosie ), and was consistent with SSI regulations,[2] id. at 31-32. The court upheld the validity of SSR 82-31.
 
 
 9
 Since the district court issued its order, three other circuits have issued opinions addressing the validity of SSR 82-31. All three followed the lead of the Fourth Circuit and held that the Secretary's interpretation was reasonable and therefore entitled to deference.[3]
 
 
 10
 Responding to the assertion that the Secretary's interpretation was not entitled to deference because it was a "significant departure from the previous rule," the Second Circuit held that the Secretary had shown a good reason for the change in interpretation and was entitled to deference if the interpretation was "a permissible interpretation." White v. Shalala, 7 F.3d 296, 300 (2nd Cir.1993). The court looked at the language of the statute and at the intent of Congress in enacting the statute and determined that SSR 82-31 was a reasonable interpretation. The court determined that there was no conflict between SSR 82-31 and the SSI regulations and held that the Secretary was entitled to deference in her interpretation of the Social Security Act. Id. at 301-302. The court upheld the validity of SSR 82-31.
 
 
 11
 The Tenth Circuit, citing the decisions in Paxton, Kennedy, and White, rejected the reasoning of Paxton and followed the lead of the Fourth and Second Circuits. Ryder v. Shalala, 25 F.3d 944 (10th Cir.1994). The court determined that SSR 82-31 did not conflict with the Social Security Act or the SSI regulations, that SSR 82-31 was a reasonable interpretation of the statute, and that the Secretary's interpretation was entitled to deference. Id. at 947. The court upheld the validity of SSR 82-31.
 
 
 12
 Most recently, the Seventh Circuit addressed the validity of SSR 82-31. Inman v. Shalala, 30 F.3d 840 (7th Cir.1994). Initially, the court determined that the Secretary's interpretation must be given deference if the interpretation was "based on a permissible construction of the statute." Id. at 843 (citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 841-44, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984)). The court held that the Secretary's interpretation, based on a theory of constructive receipt, was permissible. Id. Then, addressing assertions that the Secretary's interpretation was not entitled to deference because it conflicted with an earlier interpretation and because it interpreted "a veterans' benefit program, which is not in the Secretary's area of expertise," id. at 844, the court found that the Secretary had a good reason to change her interpretation and that SSR 82-31 interpreted a provision of the Social Security Act, id. The court upheld the validity of SSR 82-31.
 
 
 13
 We agree with the Second, Fourth, Seventh, and Tenth circuits that the Secretary's interpretation is entitled to deference. Although SSR 82-31 represents a change in policy and interpretation, the change was made in response to circuit court rulings that the prior interpretation was invalid and, within SSR 82-31 itself, the Secretary provided sufficient reasons for the change. Further, although SSR 82-31 addresses the application of VA benefits within the SSI program, SSR 82-31 is an interpretation of provisions of the Social Security Act, a matter within the Secretary's area of expertise. The Secretary's interpretation is a reasonable and permissible interpretation of the provisions of the Social Security Act.
 
 III. CONCLUSION
 
 14
 Having determined that SSR 82-31 is a reasonable interpretation of provisions of the Social Security Act and that the Secretary's interpretation is entitled to deference, we need not address the interpretation recommended by the plaintiff class. We reverse the grant of summary judgment in favor of the plaintiff class on the issue of the validity of SSR 82-31 and remand for the district court to affirm the Secretary's administrative decision that the augmented portion of VA benefits must be counted as unearned income to the dependent for whose benefit the augmented portion is provided.
 
 
 15
 REVERSED and REMANDED.
 
 
 
 *
 Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 The plaintiff class also challenged Social Security Acquiescence Ruling 86-1(9) and the district court granted summary judgment for the plaintiff class as to that issue. The Secretary does not challenge that portion of the district court's order
 
 
 [2]
 The Fourth Circuit acknowledged the conflict between its holding and that of the Ninth Circuit in Paxton but indicated that "[w]e simply disagree with Paxton." Kennedy, 995 F.2d at 31
 
 
 [3]
 All three circuits reversed district court orders which had, at least in part, relied on Paxton in determining that SSR 82-31 was invalid. See White v. Sullivan, 813 F.Supp. 1059 (D.Vt.1992); Ryder v. Sullivan, 804 F.Supp. 1365 (D.Colo.1992); Inman v. Sullivan, 809 F.Supp. 659 (S.D.Ind.1992)