[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15285
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81324-FJL

CORA LEE LOY DE OLAZABAL,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Cora Lee Loy De Olazabal (the "Claimant") appeals the District Court's judgment affirming the decision of the Administrative Law Judge ("ALJ") denying her disability insurance benefits ("DIB"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Claimant argues that the ALJ's stated reasons for according little weight to the opinion of her treating physician—Dr. Jonathan Greer—were not supported by substantial evidence because the ALJ misstated the record and improperly relied on the absence of objective evidence, which does not exist in a fibromyalgia case. Second, she argues that, because the ALJ failed to properly consider her primary medical condition of fibromyalgia, the ALJ necessarily failed to properly analyze her subjective pain complaints and credibility and the ALJ's credibility determination was not supported by substantial evidence. Lastly, she argues that the ALJ erred by failing to provide a reason for disregarding the function report form completed by her husband in determining her residual functional capacity ("RFC"). After considering the record and the parties' briefs, we affirm.

I.

Claimant was 48 years old at the onset of her disability, which occurred on April 14, 2005, around the time she quit her job with an office machine company. She started with the firm as a receptionist and worked her way up to customer

service and then to sales representative.  She quit the firm over a salary dispute.[1]

In October 2009, Claimant filed an application for DIB.  She claimed that her disability (which began on April 14, 2005) was rooted in the injuries—a herniated disc at C5-6 and bulging discs at C3-4 and C-6-7—she received in an automobile accident in November 2000, and that this spinal injury coupled with fibromyalgia, osteoarthritis, neurofibroma, and neuropathy causes her pain so severe that she cannot work.  The Commissioner denied Claimant's application.  The ALJ did likewise following a hearing in November 2011. [2]

## II.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards."  *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*

---

[1]  Before Claimant came to the office machine company, she did clerical and secretarial work for the Palm Beach County Board of County Commissioners.
[2]  At the hearing, Claimant testified that she was 5´6´´ tall and weighed 226 pounds.  She said that her pain made it difficult for her to exercise and lose weight.

A claimant for disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is eligible for benefits if she demonstrates that she was disabled on or before the last date for which she was insured. *Id.* There is a five-step evaluation process to determine whether the claimant is disabled, which is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her relevant past work, despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

When evaluating an applicant's claim for social security disability benefits, the ALJ must give "substantial weight" to the opinion of the applicant's treating physician "unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *see also Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981) ("It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight.").

4

We have held that good cause exists when: "(1) the treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and the failure to do so is reversible error. *Lewis*, 125 F.3d at 1440. The opinion of a reviewing, non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir. 1988).

Based on the medical evidence, the ALJ explicitly accepted Claimant's fibromyalgia and degenerative disc disease diagnoses, as well as Dr. Greer's clinical findings of spasm and decreased range of motion. But the ALJ gave limited weight to Dr. Greer's opinion that Claimant was incapacitated and disabled to the point that she could not work. Summarizing the medical evidence, the ALJ did not just cite to the portions of the record that supported his conclusion, but specifically cited to statements in Claimant's treatment notes indicating that at times she reported that she was not doing well and had diffuse pain, spasm, and tenderness to the touch. Substantial evidence supports the ALJ's articulation of good cause for rejecting Dr. Greer's opinion that Claimant could not work and his

reasons for giving limited weight to the doctor's testimony. As noted by the ALJ, the objective medical evidence, specifically Dr. Greer's own treatment notes, contain no references to Claimant's alleged chronic fatigue and depression that would have prevented her from being able to work full time. Moreover, the ALJ did not rely on the absence of objective evidence of fibromyalgia in discounting Dr. Greer's opinion, as the ALJ explicitly accepted Dr. Greer's diagnosis of fibromyalgia. Rather, the ALJ relied on the fact that Dr. Greer admitted that his opinion was based on Claimant's subjective reports of her symptoms, which, as discussed below, were not entirely credible in light of the inconsistencies in her testimony and between her testimony and the record evidence.

## III.

When a claimant attempts to establish a disability through his own testimony concerning pain or other subjective symptoms, we apply a three-part test, which requires (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (b) that the objectively determined medical condition is of a severity that can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms she

describes, the ALJ must evaluate the intensity and persistence of the symptoms in determining how, if at all, they limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  In doing so, the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors.  *Id*. § 404.1529(c)(1)–(2).  The ALJ may consider other factors, such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms. *Id*. § 404.1529(c)(3).  The ALJ then will examine the claimant's statements regarding her symptoms in relation to all other evidence, and consider whether there are any inconsistencies or conflicts between those statements and the record. *Id*. § 404.1529(c)(4).  "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.*

7

The record does not support Claimant's allegations of pain so severe and persistent that it would render her disabled. The ALJ specifically articulated his reasons for discrediting her testimony, including inconsistencies regarding the side effects of her medications, why she quit working, her level of activities after that, her pain rating, and the impact of exercise. Each of these reasons is supported by substantial evidence.

While Claimant testified that her medications made her tired and constipated, her treatment notes from Dr. Rogers consistently indicated that she reported no significant side effects from her medication. Likewise, while she testified at the hearing that she had been dealing with pain that she rated as a 12 plus since 2005, her treatment notes never reflect her reporting a pain level that high while on medication. To the contrary, the notes consistently reflected that she was able to function in her daily life with her medications. Her testimony at the hearing that swimming made her pain worse was contradicted by her pain management records that reflect that, on multiple occasions, she reported to Dr. Anthony Rogers that swimming improved her pain. Finally, her medical records reflected that she engaged in various types of exercise, as well as shopping, gardening, doing housework, and making trips to Virginia to help her father care for her mentally disabled sister, which contradicted her testimony regarding her inability to engage in sustained activity.

8

IV.

Pursuant to the regulations, in addition to evidence from acceptable medical sources, the ALJ "may also use evidence from other sources to show the severity" of the claimant's impairment and how it affects her ability to work.  20 C.F.R. § 404.1513(d).  "Other sources" include spouses.  *Id.* § 404.1513(d)(4).  Social Security Ruling 06-03p provides that

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03p.  "Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9, 110 S.Ct. 885, 891 n.9, 107 L. Ed. 2d 967 (1990) (internal quotations omitted).  Although SSA rulings are not binding on this Court, we accord the rulings deference.  *See Fair v. Shalala*, 37 F.3d 1466, 1468–69 (11th Cir. 1994).

In *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990), we vacated the ALJ's decision and remanded for further proceedings because the ALJ failed to review the testimony of the claimant's daughter and neighbor and did not give reasons for rejecting such testimony.  *Id.* at 1574.  We instructed the ALJ to state the weight he

9

accorded to each item of impairment evidence and the reasons for accepting or rejecting that evidence. *Id.*

Here, the ALJ referenced Claimant's husband's report in determining that she had severe impairments that caused mild limitations in her daily living activities, but did not reference the report in determining her RFC. The ALJ's error in not specifically considering the Third-Party Function Report completed by Claimant's husband when determining that her RFC is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine to a social security appeal). Her husband's report was merely cumulative of her own testimony and the medical evidence in the record. Like Drs. Greer's and Rogers's treatment notes, his report reflected that she had chronic pain and that she had good and bad days. However, like the treatment notes, it reflected that she exercised, gardened, and did housework. Because it was cumulative of the other evidence in the record and, as discussed above, the ALJ properly considered the medical evidence in the record and her own testimony, the fact that the ALJ did not separately discuss the report or provide specific reasons for not relying upon it is harmless.

AFFIRMED.